Campbell *v.* Hampton.

PARKER CAMPBELL *v.* THOMAS HAMPTON *et al.*

1. PLEADING. *Ejectment. Third person only admitted to contest merits.* In an action of ejectment, after issue joined on pleas of not guilty, a third person admitted, on his own application, as a party defendant, cannot plead in abatement that the original defendants were not served with copy of declaration; he can only plead to the merits.

2. LOCAL ACTION. *Land lying partly in two counties. Attachment. Jurisdiction.* By section 2810 of the Code (act of 1847-8, ch. 173), it was intended that where a tract of land lies in two counties, all of which is subject to the same claim or demand by a party, he might enforce that demand against the whole by suit begun in either of the counties in which part of the tract lies; and in such case the right to the whole would be passed, although part of it was in a different county from that in which the suit was pending.

3. SUPREME COURT PRACTICE. *Reversal. Verdict against evidence.* The Supreme Court will not grant a new trial on a mere preponderance of evidence against the verdict.

4. LANDLORD AND TENANT. *Estoppel.* A tenant is estopped to deny his landlord's title.

FROM CROCKETT.

Appeal in error from the Circuit Court of Crockett county. J. T. CARTHEL, J.

C. C. MOSS for Campbell.

S. R. LATTA, T. E. RICHARDSON, McFARLAND and BRIGGS for Hampton.

DEADERICK, C. J., delivered the opinion of the court.

This action of ejectment was instituted in the

circuit court of Crockett county, to recover a tract of land, lying partly in said county of Crockett and partly in Dyer county.

The suit was begun October 5, 1878, against Thomas Hampton and Robert C. Coffman, and Ann E. Screws, W. C. Howell and D. B. Dodson were afterwards made defendants, and all of them filed pleas of not guilty.

Howell and Dodson also filed a disclaimer to all the land sued for, except a part thereof lying between two lines, claimed respectively by the parties as being the east boundary line of Ben. Smith's grant, and more particularly described in the pleadings.

At May term, 1881, Charles R. Railey, upon his own application, was admitted as a defendant in said cause, he claiming said land in fee simple.

Verdict and judgment were for plaintiff for the land sued for, except twelve acres described in the verdict, and about 101 acres lying upon the east side of the tract, and west of the line claimed by plaintiff as the eastern boundary of the Ben. Smith grant No. 416, and east of the line claimed by the defendants as the eastern boundary of said grant No. 416. The jury found that the land between these two lines was not included in the title papers of plaintiff, and their verdict to this extent was for defendants. From the judgment, in favor of defendants for said 101 acres of land, plaintiffs appealed. And from the judgment in favor of plaintiff, defendant Railey appealed.

As soon as Railey was allowed to defend, he offered to file a plea in abatement, averring that neither he

nor his co-defendants had been served with a copy of
the declaration.

The court refused to allow said plea to be filed.
This was obviously correct. The other defendants had
long before filed their plea of not guilty, and if they
had not been served with copy of declaration, the
omission was waived and cured by their failure to
except or plead it, much less could the recently ad-
mitted defendant put in such plea for them.

No summons was served on Railey, but he was
made a defendant on his own application at the trial
term, and, under such circumstances, it was not neces-
sary that he should be served with a copy of the
declaration, which the statute provides shall be left
with him, when he is brought into court by service
of summons. He was required to plead to the merits,
which he did by putting in the plea of not guilty,
upon which issue was taken.

The record shows that the said Parker Campbell
had procured original and counterpart attachments to
issue from the circuit court of Dyer county, which
were levied on the said land, that part in Dyer being
levied on by the sheriff of Dyer, and that part of
said tract lying in Crockett was levied on by the
sheriff of Crockett county. The land was attached as
the property of defendant Railey, and Campbell ob-
tained, upon this proceeding, a judgment against Railey
for about $4,500, and a *venditioni exponas* was issued
by order of the circuit court to the sheriff of Dyer
county, commanding him to sell the whole tract for
the satisfaction of the said judgment. It was duly

sold by said sheriff, at the door of the court house in Dyer county, and Campbell became the purchaser, took a deed from the sheriff, and began this suit in Crockett county circuit court. to recover the land.

The plaintiff in deraigning .his title to the land, introduced a grant No. 416, to Ben. Smith, with other grants and mesne conveyances down to a deed to Railey conveying 640 acres in northeast corner of the said Ben. Smith grant, less twelve acres conceded to be held under a superior title, by virtue of the statute of limitations. He also introduced the proceedings in his attachment case againt Railey and the sheriff's deed to himself.

The first question presented and chiefly argued, is upon the validity of the sale by the sheriff of Dyer county of that part of the tract of land lying in Crockett county, and the sufficiency of his deed to convey title thereto.

We do not understand that any objection is taken to any part of the proceedings in the attachment suit, had in the circuit court of Dyer county, up to the time that the court directed the Sheriff of Dyer county to sell the tract of land, as well that part lying in Crockett county as that part lying in Dyer county.

But defendants do insist that the sheriff of Dyer county had no power to sell land in Crockett county, and that the order of the circuit court could communicate no such authority; that the sale of the Crockett county land was void, and that no suit could be maintained in Crockett county to recover the land upon such void sale, nor to recover land lying in Dyer county.

Chapter 4, of the Code, treats "of the place of bringing civil actions." Section 2810, of that chapter, provides: "In actions commenced by the attachment of property, without personal service of process, and in cases where the suit is brought to obtain possession of personal property, or to enforce a lien or mortgage, or where it relates to real property, the attachment may be sued out or suit brought in any county where the real property or any portion of it lies, or where any part of the personal property may be found." To this section, at the bottom, is appended the words, "act of 1847–8, ch. 173, extended."

Turning to the act of 1847–8 ch. 173, we find it entitled "an act to enable the circuit courts to do justice in certain cases," and it provides "that in all actions of ejectment, or trespass for injuries to real estate, where the tract of land lies in two or more counties, the court of the county in which process shall be served on the defendant or defendants, shall have jurisdiction to try the title to the whole tract of land, in the action of ejectment, and award execution accordingly; and in the action of trespass to hear and determine the case, as though the entire tract lay in the county in which the suit was brought."

This act gave full power to try a cause for the whole tract of land lying in two or more counties, to the court of either county in which process was served on defendant, and to execute the judgment.

Sec. 2810, of the Code, purports to be an extension of the act of 1847–8, and we think was intended to so operate in the cases specified so as to include the

two classes of cases, ejectment and trespass to realty. It does not so declare in distinct terms, but we are of opinion that the fair construction of the language sustains this conclusion.

This section gives the jurisdiction, where it is sought to recover possession of personal property, or enforce a mortgage or lien, or where the suit relates to real property, to the court of the county where any part of the realty lies or any of the personal property is found.

The jurisdiction is not limited to the part of the realty or personalty found in the county, but extends to the property about which the suit is brought, or attachment sued out. To so restrict the application of this section, would be to make it but a re-enactment of other familiar statutes and well established common. law principles. We think it was intended, that where a tract of land, for example, lies in two counties, all of which was subject to the same claim or demand by a party, he might enforce that demand against the whole, by suit begun in one of the counties in which part of the tract lies. A fair transposition of part of this section, which is in harmony with the whole of it, is "a suit which relates to real property; may be brought in any county where any portion of said real property lies." And in such a suit the right to the whole would be passed upon although part of it was in a different county from that in which the suit was pending. Such, we think, is the intention of the statute.

The extension of the act of 1847-8 indicated, con-

sists in the application of its provisions to cases commenced by attachment, and to suits brought to obtain possession of personal property, to ·enforce a lien or mortgage, as well as to all cases relating to real property, as provided in sec. 2810 of the Code.

This being so, we hold that the circuit court in Dyer county had jurisdiction to order the sale of the whole tract by the sheriff of that county, so as to make his jurisdiction effectual in the disposition of the land and the application of its proceeds to the satisfaction of plaintiff's claim. The sheriff, having the right to sell, might convey the title to the purchaser.

This view derives further support from sec. 3536 ·of the Code, under the head of " mode of procedure in attachment cases." That section declares that property attached, if not replevied, will be subjected to the satisfaction of the judgment or decrees, by sale on such terms, in the discretion of the court, as may be ·deemed for the interest of the parties, by order of sale or by other process necessary to effect the object.

It was manifestly for the interest of the parties that the land should be sold as a whole, as it was nearly a square, and the county line divided it irregularly and unequally into two triangles.

We are of opinion, therefore, that the sale by the sheriff of Dyer county was not void, and that the ·circuit court of the county of Crockett had jurisdiction to try this case, involving the title to the whole tract of land. Cases have been cited by defendant's ·counsel holding a different view, but we rest our ·decision in this case upon our own statutes, enacted for

the purpose of conferring jurisdiction, in cases like this, upon our courts, so as to avoid multiplicity of suits.

Nothing appears in the record entitling Railey to a reversal of the judgment. As before indicated, his title has been divested and vested in plaintiff.

Although we are of opinion that the weight of the evidence is against the finding of the jury, as to the true eastern boundary of the grant 416, yet there certainly is evidence sufficient to support the verdict, and under our well settled rule upon this question we cannot disturb the verdict, although the circuit judge might well have done so.

None of defendants have shown any title in themselves; some of them were tenants of Railey while he owned the land; others subsequently became tenants of plaintiff, but there is some evidence to show that before this suit began they disclaimed their landlord's title and gave him notice, and took and held possession of part of the land between the two contested eastern boundary lines in hostility to the plaintiff's title. But being in possession they were allowed to show an outstanding title in third parties, and thus in part to defeat the plaintiff's claim.

We do not think there is any reversible error in the record, and affirm the judgment. The costs of this court shall be paid one-half by plaintiffs and the other by defendant Railey.

Upon petition to rehear, DEADERICK, C. J., said:

Upon a former day of the present term of this court, an opinion was delivered affirming the judg-

ment of the circuit court of Crockett county in this cause.

The judgment below was in favor of plaintiff, Campbell, for all the land sued for except 101 acres, east of what was found by the jury to be the true eastern boundary of Ben. Smith's grant, No. 416, and 12 acres described in the verdict.

Plaintiff has filed a petition for a rehearing of the case, and we have re-examined the record, and in so far as the questions and argument made in respect to the 101 acres are concerned, we have carefully reconsidered the evidence, and feel constrained to come to a different conclusion from that first arrived at.

In our former opinion we announced that while we were of opinion that the weight of the evidence was against the finding of the jury as to the true eastern boundary of grant No. 416, yet there was sufficient evidence to sustain the verdict of the jury, and that we would not disturb it. This opinion was reached upon the testimony of Latta, Dodson, Howell, and Griffin. Latta stated that he had rented the land in controversy, as agent of defendant Railey, to Dodson and Howell, but that since 1875 they had not rented from him, and claimed the land as their own, when this suit was commenced, and that they set up claim to the land they are on all the time. The land they were on was part of the 101 acres.

Dodson testified that in October, 1867, he married one of the daughters of W. H. Craig, and settled on land of said Craig near the disputed land; that he cleared some of the disputed land in 1868, and

Campbell *v.* Hampton.

claimed it as his own, and that he bought of Hubbard in 1876, who claimed under a tax sale, and then claimed under that tax sale. Howell testifies that in October, 1867, he also married a daughter of said W. H. Craig, and took possession of part of his land near the disputed land, and in 1868 enclosed part of it, and had always claimed the land as his own. Griffin testified to facts tending to show that the western of the two lines claimed respectively by plaintiff and defendants as the true line, was the eastern boundary of grant No. 416 to Ben. Smith.

Upon these facts, we held that defendants, Dodson and Howell, having shown they claimed for themselves, and there being some evidence to support the verdict in favor of the more western of the two lines claimed as the east boundary of grant No. 416, that the verdict was supported by evidence. But a more careful analysis of the evidence satisfies us that there is no sufficient evidence to support the verdict.

Dodson and Howell, who both rented from plaintiff the land they claim, now urge that they were induced by the misrepresentation of Moss, agent for plaintiff, to acknowledge plaintiff's right to the land.

But, although the judge charged the jury, if Moss did deceive or misrepresent the facts to them, they would not be estopped by said renting, there is no evidence of any fact in their own testimony, nor in any other, to sustain such an imputation, nor to relieve them of the consequences of having attorned to plaintiff after his purchase of the land under his judgment against Railey.

Wm. H. Craig had entered the land in dispute, and Dodson and Howell were holding and claiming part of it under him, and were on the land when Railey recovered it. They had no paper title thereto, but took possession, as they stated, under a promise by Craig to make them a deed of gift to part of said land. But after Railey had recovered the land of Craig and others in 1871, by decree of this court, Dodson and Howell rented of Railey for the years 1872–3–4, and after this, about 1875, plaintiff having bought the land at his execution sale, they attorned to him, and rented of his agent.

They do not, upon the facts they state, claim any other title to the land than that which they derive from being put in possession by Craig. His title was declared void, and the title was vested in Railey. Thereupon they rented of Railey, and when plaintiff acquired his title they rented of him, and again rented of Railey. And, as a defense to this suit, Railey sets up his original title, and Dodson and Howell claim adversely to both.

Dodson and Howell admit they had no title from their father-in-law, and that they went into possession under a promise from him to make them a title. When, however, in 1871, in Railey's suit against Craig and others, it was held Railey had the better title, and a writ of possession was awarded him, Dodson and Howell attorned to Railey and became his tenants, with full knowledge of all the facts; and when Campbell acquired Railey's title they became his tenants, but subsequently agreed again to rent of

Railey; and after this rented of a purchaser at a tax sale, and when Campbell acquired this tax title by redemption, they say they set up a claim for themselves. While they declare in words they always claimed title to the land, they admit and state facts that show such declaration to be without foundation.

As stated in the original opinion, Railey's title was acquired by plaintiff, and we are also of opinion that Dodson and Howell, by their repeated recognition of Railey's and plaintiff's title by renting from them, have estopped themselves from setting up title against plaintiff for all of the lands described in plaintiff's declaration, except the 12 acres, and 101 acres in favor of plaintiff will be affirmed, and the judgment against him for the 101 acres, in favor of defendants, as described in the verdict, is erroneous and will be reversed, and to this part of the land, to-wit, the 101 acres and 91 poles, as described in the verdict, a new trial is granted, and judgment here and writ of possession will issue for the residue of said land as described in the verdict.

The judgment entered in this case on a former day of this term affirming the judgment, will be vacated and annulled, and judgment will be entered in conformity with this opinion, and judgment will be rendered for costs below as to the land recovered and of this court against all the defendants.