## SMARTT v. SMARTT.

Middle Section.    July 8, 1925.

No petition for Certiorari was filed.

1. **Equity. Infants. Chancery court has both statutory and inherent jurisdiction of minors.**
   In a suit in equity to confirm an exchange of real estate belonging to minors, held jurisdiction of chancery court does not depend exclusively on the code (Shannon's Code, Sections 5072 to 5089); that court has inherent powers over the persons and estates of infants.

2. **Equity. Inherent jurisdiction over estates of minors more comprehensive than that conferred by statute.**
   The court has not only statutory but inherent jurisdiction to sell, confirm sale or exchange, or to lease an infant's property, which is more comprehensive than the statute.

3. **Infants. Bill to confirm exchange of infant's property must be brought in county where infant resides or county where property is located.**
   In view of Shannon's Code, Section 5075, a bill to confirm exchange of realty of infants must be brought in county where infants reside or in county where land is located.

4. **Venue—Bills affecting title to land must be filed in county in which property or material part is located.**
   Bills to divest or to clear title to land, bills to enforce specific execution of contracts relating to realty, and bills to foreclose mortgages and deeds of trust, must be filed in county in which the property to be affected by the suit, or a material part of it, is located.

5. **Venue. Equity acts in personam, and ordinarily bill may be filed in any county in which process can be served.**
   The chancery court acts ordinarily in personam, and, unless there be some statute, expressly requiring the bill to be filed elsewhere, it may be filed in any county in which the process may be served on a material defendant.

6. **Infants. Cannot be made parties except by service of process or publication.**

· Infants cannot be made parties to a suit except by service of process or publication.

**7. Infants. Service on the infant is essential to authorize the appointment of guardian ad litem.**

No guardian ad litem can be appointed until the court has acquired jurisdiction of infant's person by the actual service of process or publication.

**8. Infants. Bill to confirm exchange of minor's property held local, and plea in abatement not required to raise question of jurisdiction.**

A bill to confirm an exchange of real estate belonging to minors for lands in other county, held local, not transitory and the failure to plead in abatement to the jurisdiction of the court as provided by Shannon's Code, Section 4517 did not waive the question of jurisdiction, and, the bill not being brought in the county of the minors' residence or in which their property was located, as required by section 5075, the proceedings were void.

**9. Infants. Amendment of bill brought in wrong county, where no process issued or served and no guardian ad litem appointed under amended bill, held not to validate original bill.**

Where a bill in equity to confirm exchange of minors' property was invalid because not brought in county where they resided or their property was located, an amended bill thereafter filed, showing minors had become residents of county where suit was filed, held not to give court jurisdiction where minors were not served with process.

**10. Infants. Bill to confirm exchange of infants' lands is not equivalent to bill for specific performance.**

A bill to confirm an exchange of infant's property for lands in another county cannot be considered as a bill for the specific performance of the contract of exchange, so as to confer jurisdiction on the court of chancery in a county other than that in which the minors reside or in which their property is located, as provided by Shannon's Code, Section 5075.

Appeal from Williamson Chancery Court; Hon. J. C. Hobbs, Chancellor.

Reversed, and bill dismissed.

R. H. Crockett, of Franklin, for appellants, the minors.

Jos. C. Higgins, of Nashville, for appellee, Mrs. Smartt.

CROWNOVER, J.   The original bill in this cause was filed on January 1, 1915, by Mrs. Smartt, who was then a resident of Davidson county, Tenn., against her two minor sons, William and Landon Smartt, who were then residents of Davidson county, Tenn., and J. R. Wilson, a resident of Williamson county, for the purpose of having the court confirm a contract for exchange of property.

The bill alleged that complainant and her two minor sons were the owners of a certain house and lot in the city of Nashville, known as the Howard Apartments, and that the defendant J. R. Wilson was the owner of a certain valuable farm in Williamson county, consisting of 327 acres, together with its improvements, and that on November 28, 1924, complainant, Mrs. Smartt, entered into a written agreement with the defendant Wilson, in which she agreed to exchange the Howard Apartments for the Wilson farm· said Wilson agreeing to assume a mortgage of $7,500 on said Howard

Apartments, and to pay the complainant $7,500 additional for said apartments, and further agreeing that said exchange was to be subject to confirmation by the court.

The bill further alleged: That complainant owned a life estate in said Howard Apartments, and that her children, the two minor sons, owned the remainder interest, and that they became the owners of said Howard Apartments by virtue of an exchange of other properties, the title having been confirmed by the courts. That several years ago complainant's mother devised a valuable farm in Bedford county to complainant for life, with remainder to her children, and later complainant exchanged said property for the Kenton Apartments in the city. of Nashville, which in turn was exchanged for said Howard Apartments, the title of which is held subject to the same limitations as the property devised in the will of complain·ant's mother. Said exchanges were confirmed by the court, so that the title to said Howard Apartments is now held by complainant for and during her natural life and at her death to her children. That complainant is now past 39 years of age and is a widow, and does not contemplate remarriage or other issue.

The bill further alleged that said Wilson farm is worth $50,000; that it is a very valuable farm, fertile and in a high state of cultivation, with valuable improvements, and is in one of the best sections of Williamson county, about 20 miles from Nashville; that, while the Howard Apartments are practically new, yet the repair bills are considerable, owing to the manner of construction, and the city taxes are enormous; that the farm will continue to enhance in value and the profits will increase in the future, while the said apartments will depreciate in value as time goes on, and the income will not be so great, hence the said exchange is very desirable; and that it is greatly to the advantage of complainant and manifestly to the interest of the minors that said exchange be confirmed by the court.

Process was issued and served on the minor defendants in Davidson county, Tenn., and on J. R. Wilson in Williamson county.

Defendant Wilson answered admitting the contract and his willingness to carry out the contract, provided the sale is confirmed by the court, and provided that he obtains a good title to said apartments.

A guardain ad litem was appointed for the minors. The oldest minor, William Smartt, being nearly 18 years of age, answered in person, and also by the guardian ad litem, who submitted their rights and interests to the protection of the court.

On February 2, 1925, the court referred the case to the clerk and the master to take proof and report:

(1) The names, sex, ages, and residence of complainant and her children, and also the property owned by each, and its value.

(2) Whether the defendant J. R. Wilson and wife are the owners of said farm, and whether they can make complainant and her children a good and perfect title thereto.

(3) Who are the owners of the Howard Apartments, and whether the title was in complainant and her children.

(4) The respective values of the Wilson farm and the Howard Apartments.

(5) Whether the proposed exchange is an advantageous one for complainant and her children, and should be ratified upon the terms set out in the contract.

The clerk and master took the testimony of several reputable witnesses, men of experience and affairs, who knew the properties and the situation, and he reported:

(1) That complainant, Mrs. Wattie S. Smartt, was 39 years of age, resided in Nashville, Tenn., and she had only two children, to wit, a son William Smartt, 18 years of age, who is now attending Cornell University, and a son Landon Smartt, 12 years of age, who resided in Nashville with his mother; that complainant, Mrs. Smartt, owns a life interest in the Howard Apartments, and her said two sons own the remainder interest; that said minors have no other property, aside from the remainder interest in the Howard Apartments, except $1,800 in money, the proceeds of the insurance on their father's life; that the Wilson farm was worth $150 per acre; and that the witnesses testified that the Howard Apartments were not worth as much as $65,000.

(2) That defendant John R. Wilson was the owner in fee of the farm, and that he and his wife could make complainant and her children a good title to the property.

(3) That complainant, Mrs. Wattie S. Smartt, is the owner of a life estate in the Howard Apartments, and the remainder was in her children, subject to the mortgage of $7,500.

(4) That the Howard Apartments, located in Nashville, are worth less than $65,000, and that the Wilson farm is worth $50,000.

(5) That the proposed exchange on the terms and conditions set out in the contract was an advantageous one to complainant and her children, and that it was manifestly to the interest of the minors that the contract of exchange be confirmed.

The court, by decree entered on April 13, 1925, confirmed the exchange, and declared it to be an advantageous one for the minors, vested and divested title, and decreed the title, of the farm in complainant, Mrs. Smartt, for life, and remainder to her children, the said minors to take as a class, and made some other orders so as to protect the parties with respect to the payment of $7,500.

On May 1, 1925, at the same term of the court, and within 30 days after the entry of the foregoing decree, the defendant John R.

Wilson, who had not complied with the requirements of the decree and the contract of exchange, filed a petition alleging, in substance, that he had been advised that doubt had arisen upon the question of the jurisdiction of the chancery court of Williamson county to entertain this proceeding and to pass a valid decree authorizing the exchange of the properties. He insisted that the original bill should have been filed in the chancery court of Davidson county, where the complainant and her two children, the minor defendants, resided at the time and where their apartments were located, and not in Williamson county, where the defendant Wilson resided, and where the farm offered by him in exchange was located. He therefore insisted that for these reasons the decree of the chancery court of Williamson county was ineffective, and was insufficient to pass title of the property in Davidson county to defendant.

On May 1, 1925, complainant, Mrs. Smartt, answered the petition, denying the contentions, and insisted that the chancery court of Williamson county was a court of competent jurisdiction, and that the defendant Wilson had acquired a perfect title by virtue of said decree. She further alleged and insisted that, at the time and prior to ordering of the reference and the entry of the decree divesting and vesting title, she and her said children had removed to and become citizens of Williamson county, and asked that the petition be dismissed.

On the same date, the minors by their guardian ad litem filed their answers to the petition of defendant Wilson in which they answered, generally, admitting that since the original bill was filed in this cause their mother had removed from Davidson county, Tenn., into Williamson county, and that she and her children were then domiciled in Williamson county, and were on the day when the decree was entered.

On the same date, complainant, Mrs, Smartt, by permission of the court, filed her amended and supplemental bill bringing to the attention of the court the fact that since the original bill was filed she had removed to and had become a citizen of Williamson county, and that her children, the minor defendants, William and Landon Smartt, then had their residence in Williamson county, and that they were residents of Williamson county, on April 13, 1925, when the decree complained of was entered.

On the same date the guardian ad litem answered this petition for his wards, admitting the facts alleged to be true, and submitting all of their rights to the protection of the court.

On May 4, 1925, the cause again came on to be further heard before the chancellor upon the whole record, and especially upon the petitions, amended and supplemental bill, and answers, from all

of which the court ordered and decreed that complainant be permitted to file her amended and supplemental bill, that it appeared from the petition and the answers that the parties conceded the truthfulness of the statement of fact in said amended and supplemental bill, and, having waived formal process, the court found as a fact that said statement as to the residence was true, and dismissed the petition of the defendant Wilson. The court was of the opinion that it had jurisdiction of the subject-matter and the parties in the premises, and had a right to pronounce the decree divesting and vesting the title, both under the statute and by virtue of the inherent powers of the chancery court, and to approve the contract disclosed by the pleadings, and to decree the execution of the same.

The court further decreed that it was manifestly to the interest of complainant and her minor children and their representatives that said contract of exchange disclosed by the aforesaid contract be ratified and approved, and the court again divested and vested title as in the preceding decree.

The defendant Wilson excepted and appealed to this court.

The guardian ad litem, for the minors, also excepted and prayed an appeal to this court, which was granted.

The guardian ad litem for said minors has assigned two errors:

(1) That the chancery court of Williamson county was without jurisdiction of the parties and the subject-matter, and could not make a valid decree divesting the title of the Howard Apartments by vesting the title of the Wilson farm in the defendants.

(2) That it does not appear that the proposed exchange was manifestly to the interest of the minors.

The defendant Wilson assigned errors, insisting that the court erred in holding that it had acquired jurisdiction and in decreeing that the proceedings were valid and regular, and that he had obtained a valid title to the property. He further insisted that the court erred in dismissing his petition, and in permitting complainant to file the amended and supplemental bill, and in pronouncing a final decree thereon without service of process on the minor defendants.

There are but two determinative propositions in this case:

(1) Did the chancery court of Williamson county have jurisdiction under the original bill?

(2) If not, did it acquire jurisdiction under complainant's amended and supplemental bill?

Neither the will of complainant's mother, nor the decree of the court, by which the parties acquired title to the Howard Apartments, were filed in this court, and we do not know the conditions, limitations, and restrictions of the will, except from the pleadings; however, there seems to be no controversy about these matters.

As we gather from the record, complainant's mother devised a valuable farm in Bedford county, Tenn., to complainant for life and remainder to her children.

Complainant exchanged said farm for the Kenton Apartments in the city of Nashville, and later exchanged the Kenton Apartments for the Howard Apartments in said city, and placed a mortgage in the sum of $18,000 on said Howard Apartments, a part of which has been paid, leaving only $7,500, remaining unpaid. All these exchanges have been approved, ratified, and confirmed by the courts, and title divested and vested, and the property acquired by each successive exchange was impressed with the limitations of the will, so that the title of Howard Apartments is now in complainant, Mrs. Smartt, for life, with remainder to her children. She is now 39 years of age, a widow, has two minor sons and does not contemplate marriage or further issue.

The record further shows that complainant had dealt rather extensively in real estate in and about Nashville, has good judgment, and has been very successful in her business deals, so that she has added materially to the property left by her mother.

Her children have no property aside from their remainder interest in the said apartment except $1,800.00, in money, the proceeds of insurance on their father's life. Her sons are bright boys, and are capable of acquiring an education. The elder is now studying engineering in Cornell University. They have no income except that derived from the $1,800, proceeds of their father's insurance. Their mother is entitled to the income from the Howard Apartments, as she owns the life estate.

Now it is clear that complainant owns a life estate in said apartments, and "her children" who may be living at her death, as a class, own the remainder interest, and therefore their interest is contingent and not vested. In contemplation of law, there is a possibility of issue so long as life lasts; hence this case comes within the established principles set out in the case of Jordan v. Jordan, 145 Tenn. 378, 239 S. W. 423, and authorities cited.

The bill is filed with a view of invoking the doctrine of virtual representation, and the court is asked to ratify and confirm the contract of exchange, divest and vest title by decree, and to vest the title of the Wilson farm in complainant, Mrs. Smartt, for life, with remainder in "her children" according to the limitations of her mother's will. It is shown that it is manifestly to the interest of the parties to make the exchange, that the Howard Apartments are depreciating in value, that the cost of repairs and taxes are so large in proportion to the rents, that the income is small, and that the apartments are now worth less than $65,000; while it is shown that the Wilson farm is very fertile, in a good section and is

in a high state of cultivation, and has valuable improvements; that the main dwelling is a large · handsome colonial brick building that could not be replaced at a cost of $40,000, and that the land is worth $150 per acre, and not only returns a good income, but will enhance in value as time goes on.

The said Howard Apartments are in Davidson county and the Wilson farm is in Williamson county, Tenn. The complainant and her two minor sons were resident citizens of Davidson county, Tenn., at the time the contract of exchange was executed, and at the time the bill in this case was filed, but some time before the reference was reported, and before the first decree was entered, she and her sons moved to Williamson county and became bona fide resident citizens of Williamson county. The decree confirming the contract of exchange, divesting and vesting title, was entered on April 13, 1925, without reference to their residence and citizenship, but it seems that afterwards defendant Wilson attempted to obtain a loan and was advised that his title to the apartments was defective, because the bill had been filed in the wrong county, as complainant and her sons were residents of Davidson county, and the Howard Apartments were also situated in Davidson county. Thereupon defendant Wilson filed his petition to vacate said decree, and to be relieved of the exchange, and then followed the answers and the amended and supplemental bill and answers thereto, as hereinabove set out, all of which were filed at the same term of the chancery court, and within 30 days after the original decree was entered.

The chancellor permitted the amended and supplemental bill to be filed, in which complainant alleged the change of residence in good faith. No process on the amended and supplemental bill was issued, but all the defendants, including the minors and their guardian ad litem answered, admitting the change of residence in good faith, but insisted that this did not cure the defects, and that the court did not have jurisdiction of the person and subject-matter, so as to divest and vest title.

The chancellor dismissed defendant Wilson's petition and decreed that the court had jurisdiction, that the exchange was advantageous to the minors, and divested and vested title, to all of which the defendants excepted and appealed.

Now, in this state of the record, had the court jurisdiction?

Chancery court has both statutory and inherent jurisdiction of minors and their estates. Thompson v. Mebane, 4 Heisk. (51 Tenn.) 370; Shannon's Code, sections 5072 to 5089.

> "But jurisdiction of the chancery court in the foregoing matters does not depend exclusively on the Code; that court has inherent powers over the persons and estates of infants,

and has plenary jurisdiction, upon proper pleadings and process, to control and sell, or consent to the sale of, the real estate of minors and to compromise their rights. Indeed, it may be said generally, that the chancery court has inherent power to convert realty into personalty, and in so doing can bind the rights and interests, legal or equitable, vested or contingent, present or future, of all persons, whether in esse or in posse, and whether sui juris, or under disability, who are before the court by service of process or by virtual representation.'' Gibson's Suits in Chancery, sections 92, 972, and authorities cited; Oakley v. Mitchell, 10 Humph. 256; Lake v. McDavitt, 13 Lea, 26; Ridley v. Halliday, 106 Tenn. 607, 61 S. W. 1025, 53 L. R. A. 477, 82 Am. St. Rep. 902; Jordan v. Jordan, 145 Tenn. 378, 239 S. W. 423; Farris v. Harrison, 8 Tenn. Civ. App. 74.

The court has not only statutory but inherent jurisdiction to sell, confirm sale or exchange, or to lease an infant's property, which is more comprehensive than the statute. See Gibson's Suits in Chancery, sections 972, 978, 979, and authorities cited; Hurt v. Long, 90 Tenn. 445, 16 S. W. 968.

The statute provides that such bills may be filed where the property sought to be disposed of is located, or where the person laboring under disability at the time resides. Shannon's Code, section 5075.

But it is insisted that this bill is filed and the inherent jurisdiction of the chancery court is invoked to confirm or ratify a contract of exchange. Now suppose we eliminate the statutory jurisdiction of the court, and say that chancery, by virtue of its inherent jurisdiction only, can ratify and confirm the exchange, then where shall the bill be filed?

The local jurisdiction of the court then must depend upon some statute. It cannot be said that the court has local jurisdiction by virtue of its inherent jurisdiction. There must be some method of putting the machinery of the court into action, and this can only be done by the method prescribed by the statute.

We have only two statutes on the subject, which are as follows: First:

"Such bill or petition may, in all cases, be filed where the property, real or personal, sought to be disposed of, is, or where the personal laboring under disability at the time resides, at the option of the party commencing the action." Shannon's Code, section 5075.

Second:

"The local jurisdiction of the court of chancery is also subject to the following rules:

"(1)   The bill may be filed in the chancery district in which the defendant or a material defendant resides, and if, upon inquiry at his residence, he is not found, he may be proceeded against by publication or judicial attachment, as herein provided.

"(2)   All bills filed in any court seeking to divest or clear up the title to land, or to enforce the specific execution of contracts relating to realty, or to foreclose a mortgage or deed of trust by a sale of personal property or realty, shall be filed in the county in which the land, or a material part of it, lies, or in which the deed or mortgage is registered." Shannon's Code, section 6121.

We think that the local jurisdiction of the court is governed by the statute first above mentioned, Shannon's Code, section 5075.

Mr. Gibson, in his excellent work on Chancery Practice, after setting out that the chancery court has both statutory and inherent jurisdiction as above quoted, says:

"A bill may be filed by the husband of the wife, and by the regular guardian of the infant, against the person under a disability; and should be filed in the county where the property, real or personal, sought to be disposed of, is, or where the person under disability at the time resides, at the option of complainant." Gibson's Suits in Chancery, section 973.

We think the effect of the Supreme Court's decision in the case of Williams v. Williams, 10 Heisk. 566, is that the word "may" in the statute above quoted (Shannon's Code, section 5075) really means "shall."

In that case a bill was filed in the chancery court of Shelby county against a minor who resided in Maury county to construe a will and to sell or consent to a sale of realty situated in Davidson county, and the court held that court had no jurisdiction. The Supreme Court said:

"This jurisdiction is statutory, and the Legislature has for good reasons, as we think, made it local."

The case of Ex parte Reid, 2 Sneed, 375, is also in point.

Bills to divest or to clear the title to lands, bills to enforce the specific execution of contracts relating to realty, and bills to foreclose mortgages and deeds of trust, must be filed in the county in which the property to be affected by the suit or a material part of it is situated.

Mr. Gibson says:

"In determining the venue, the complainant should consider:

"(1)   Whether the suit in any way affects the title or possession of realty, or any interest in or lien on realty; if so, the bill must be filed in the county where such realty, or a

material part of it, lies, unless the statute expressly allows the bill to be filed in some other county.

"(2) If realty is in no way affected by the suit, and the action is transitory, then the bill may be filed in any county where the defendant or a material defendant resides, or may be served with subpoena unless the statute expressly requires the bill to be filed in some other county," etc. Gibson's Suits in Chancery (2d Ed.) section 177.

The chancery court acts ordinarly in personam, and, unless there be some statute expressly requiring the bill to be filed elsewhere, it may be filed in any county in which the process may be served on a material defendant. This is the fundamental rule governing the personal jurisdiction of the court, except as may be otherwise required by statute.

"All suits relating to land, or injuries to land, or liens, or incumbrances on land, are local; and the reason they are ordinarily required to be brought in the county where the land lies, is, the records affecting the title are, ordinarily, in such county, and should remain there."

"All suits relating to the person, whether ex contractu or ex delicto not affecting realty, are transitory. In transitory suits, the venue follows the person of the defendant. Debt and contract are of no place. The plaintiff must sue in the court where the defendant lives." Gibson's Suits in Chancery (2d Ed.) section 177, notes 28 and 29.

But, as above stated, we think this suit is governed by Shannon's Code; section 5075. See Gibson's Suits in Chancery section 250.

The fact that the Wilson farm is located in Williamson county cannot help the complainant. It results that we hold that this suit should have been commenced in Davidson county.

Now, does the amended and supplemental bill give the court jurisdiction, in view of the fact that complainant and her sons had become bona fide resident citizens of Williamson county before the filing of the amended and supplemental bill and before the entry of the final decree from which appeal was had?

No new process was issued or served on the minors, nor was the guardian ad litem reappointed, but the guardian ad litem appointed under the original bill appeared and answered, admitting the facts alleged in the amended and supplemental bill.

The minors cannot be made parties to a suit except by service of process or publication. No guardian ad litem can be appointed until the court has acquired jurisdiction of their persons by the actual service of process or publication.

"Neither the chancellor nor the master can rightfully appoint a guardian ad litem, unless (1) the infant, idiot, or lunatic, is

made a defendant to the bill, and (2) is duly in court by service of subpoena or publication fully made. The court must have actually acquired jurisdiction of the person of the infant, idiot, or lunatic, before the guardian ad litem can be appointed, and this jurisdiction can be acquired only by proper service of proper process; and not then until the return day of such process; for until the return day the process is, in contemplation of law, in the sheriff's hands, and the court cannot know whether it has been duly served or not and besides the person served is not required to appear until the return day of the process.'' See Gibson's Suits in Chancery (2d Ed.) section 227; Frazier v. Pankey, 1 Swan, 75; Taylor v. Walker, 1 Heisk. 738.

We are of the opinion that this suit was local, not transitory, and the failure to plead in abatement to the jurisdiction of the court as provided by Shannon's Code, section 4517. did not waive the question of jurisdiction, and therefore the original bill and proceedings were void (Nashville v. Webb, 114 Tenn. 432, 85 S. W. 404, 4 Ann. Cas: 1169; Williams v. Williams, 10 Heisk. 569), and were not vitalized by the filing of the amended and supplemental bill. No process was issued or served on the minors, and no guardian ad litem was appointed, under the amended and supplemental bill. We think these things were necessary, in order to give that court jurisdiction of the person and subject-matter. The guardian ad litem had no authority to enter the appearance of the minors or to represent them in the case without a reappointment. The case was tried by the chancellor upon the amended and supplemental bill, upon the old report of the master, and without any additional proof being taken. None of the facts alleged in the original bill are set out in the amended and supplemental bill. In fact, no facts are alleged in the amended and supplemental bill sufficient to warrant the court in ratifying the contract of exchange. The court acquired no jurisdiction of the case; hence we think that the original proceeding was not vitalized by the filing of the amended and supplemental bill. See Haynes v. Woods, 151 Tenn. 163, 268 S. W. 632.

But it was insisted by complainant that this suit was, strictly speaking, not a bill to sell for conversion, but was a bill for specific performance of an executory. contract for the exchange of property, and to divest and vest title, and was a suit affecting the title to real property situated in two counties, and that therefore. the court of Williamson county had jurisdiction. We cannot assent to these propositions. In the first place, this is a bill in part to sell land for conversion, in that the defendant Wilson agreed to assume and pay a mortgage of $7.500 on the Howard Apartments and to also pay complainant and her children $7,500 additional, in money.

and, certainly, to this extent, the bill comes squarely under the statutory jurisdiction of the chancery court; and, in the second place, we cannot assent to the proposition that this is a bill for specific performance, because no court will specifically perform a contract that is not mutually enforceable. Courts will not decree a specific performance of a contract against a minor. While this suit may be in the nature of a bill for specific performance of an executory contract for exchange of property and for the purpose of divesting and vesting title, still the basis of the court's jurisdiction is the disposition of the minors' property. We do not think that the contract for exchange of property situated in two counties would confer jurisdiction on the court, in any county other than the county where the property sought to be disposed of by the minors is located, or where the minors reside at the time the bill is filed. In other words, we think that suits of this kind are controlled entirely by Code, section 5075. Were it otherwise, a bill might be filed in any chancery court where a material defendant might be found. We think that the statute was passed for the express purpose of restricting the local jurisdiction of the chancery court in cases of this kind, and that it governs exclusively.

Hence it results that the assignments of error raising the questions as to the jurisdiction of the court are sustained, the decree of the chancellor is reversed, and the suit is dismissed. Complainant and surety on the prosecution bond are taxed with the cost of the cause, including the cost of the appeal, for all of which execution may issue.

Faw, P. J., and DeWitt, J., concur.