CROSBY MILLING COMPANY *v.* E. M. GRANT, TRUSTEE *et al.**

(*Knoxville*, September Term, 1926.)

Opinion filed November 20, 1926.

1. JURISDICTION.   Titles and forced sale of land.   Localized by Statute.

Code 4311 of 1858, section 6121 of Shannon's compilation, regulating jurisdiction of the chancery court, as amended by Acts of 1877, chapter 107, and carried into subsection 2, section 6121, Shannon's Code, providing that bills, in regard to real titles, and sale of property, real or personal, shall be filed in the county in which the land, or a material part of it, lies, or, in which the deed or mortgage is registered, is not a limitation upon the power of the court, where all interested parties submit to the local jurisdiction of the court, but operates to exclude jurisdiction when successfully challenged through one of the modes indicated by section 6119, Shannon's Code. (Post, p. 378.)

Citing:   Johnson v. Evans, 1 Chy. App., 625; Shannon's Code, section 6121; Code 1858, section 4311; Acts 1877, ch. 107; Shannon's Code, section 6121, subsec. 2, and sec. 6119.

2. SAME.   Same.   Same.

As a rule of procedure forbidding action outside the county where the land, or a material part of it, lies, the statute is mandatory, and must be observed when parties to the suit assert their right to locality of action which the statute gives. (Post, p. 379.)

Citing:   Acts 1877, ch. 107;   Gibson's Suits in Chancery, sec. 212, Note 2.

3. SAME.   Same.   Same.   Plea in abatement.   Appearance and defense.   Waiver.

Prior to Acts of 1897, chapter 121, it was required that defendant stand on plea in abatement; a general appearance after plea overruled, waived the question of jurisdiction.   The Act of 1897,

chapter 121, changed the rule so that an appearance and defense to the action, after plea in abatement overruled, is not a waiver of the plea. (Post, p. 380.)

Citing: Simpson v. Railway, 89 Tenn., 304; Citizens Bank & Trust Co. v. Bayles & Bunch, 281 S. W., 934; Railroad v. McCollum, 105 Tenn., 623; Sewell v. Tuthill, 112 Tenn., 271; Thach v. Continental Travelers' Mutual Accident Association, 114 Tenn., 271.

Acts cited: Acts 1897, ch. 121.

---

*Headnotes 1. Equity, 21 C. J., section 132; 2. Equity, 21 C. J., sec-132; 5. Equity, 21 C. J., section 132; 6. Pleading, 31 Cyc., p. 186 tion 132; 3. Equity, 21 C. J., section 132; 4. Equity, 21 C. J., section (Anno.).

---

### FROM HAMBLEN.

---

Appeal from Chancery Court of Hamblen County.— Hon. T. L. Stewart, sitting by interchange with Hon. E. R. Taylor, Chancellor.

Rufus M. Hickey and J. Hallman Bell, for appellants.

Frank Park, for Mossy Creek Bank.

Mr. Justice Cook delivered the opinion of the Court.

Upon resolution of its stockholders and by direction of its officers the bill, in the nature of a general creditor's bill, was filed by the Company. The prayer was for a receiver, an injunction against separate suits by creditors, a sale of all the corporate property and a settlement of its affairs as an insolvent corporation. The bill was filed in Hamblen county where a number of the creditors

resided, but the corporate *situs*, the business location and all the real estate lay in Jefferson county.

The defendant, Mossy Creek Bank, a creditor and resident of Jefferson county, challenged the local jurisdiction of the chancery court of Hamblen county by plea in abatement, setting forth that the *situs* place of business and all the real estate of the Company was in Jefferson county. These facts and the fact that the Company owned no real estate in Hamblen county was admitted. Thereupon the plea was set down for hearing as to its sufficiency, held insufficient and dismissed by the court. The Mossy Creek Bank then filed a petition referring to the plea in abatement and the action of the court thereon, and suggested doubt as to the power of the court to decree a sale of the real estate.

The petition recited that persons solvent and willing to pay $25,000 for the mill property refused to bid because advised that the court had no jurisdiction to decree a sale, and that real estate worth $60,000 was bid off at $19,000. The petitioner sought to avoid the sale, and asked leave to file a general creditor's bill in the county where the real estate was situated. The petition was dismissed and the sale, at a bid of $19,000 was confirmed. The Mossy Creek Bank appealed and its assignments of error present the inquiry of whether the chancery court of Hamblen county could retain jurisdiction and decree sale of the real estate when confronted by the plea challenging its jurisdiction, and whether the Mossy Creek Bank waived the jurisdictional question by general appearance through the petition.

If not localized by section 6121, Shannon's Code, the action could be brought where a material defendant re-

sides, and defendants residing in other counties could be brought before the court by counterpart process.

Section 4311 of the Code of 1858, regulating jurisdiction of the chancery court provided:

"The bill may be filed in the Chancery District in which the defendant or a material defendant resides. . . . Bills seeking to divest or clear up the title to land, or to enforce the specific execution of contracts relating to realty may be filed in the District in which the land or any material part of it lies."

The foregoing provision amended by chapter 107, Acts of 1877, is carried into sub-section 2, section 6121 of Shannon's code, and reads: "All bills filed in any court seeking to divest and clear up the title to land, or to enforce the specific execution of contracts relating to realty, or to foreclose a mortgage, or deed of trust by a sale of personal property or realty, shall be filed in the county in which the land, or a material part of it, lies, or in which the deed or mortgage is registered.

As construed in *Johnson* v. *Evans*, 1 Chy. App. 625, this Statute is not such a limitation upon the power of the court as would render nugatory a decree for sale where all the interested parties submitted to the local jurisdiction of the court, but operates to exclude jurisdiction when successfully challenged through one of the modes indicated by section 6119, Shannon's Code.

The chancery court acts in personam and may exercise its jurisdiction when material defendants are before the court, but the Legislature may localize the jurisdiction of the court, and this was done by the Act of 1877. As a rule of procedure forbidding actions outside the county where the land or a material part of it lies, the Statute

is mandatory, and must be observed when parties to the suit assert their right to locality of action which the Statute gives.

Where bills are filed to wind up corporations, or as creditors bills, or to foreclose a mortgage covering numerous tracts of land, if the court has jurisdiction of the parties in a county where a substantial portion of the real estate lies, all matters relating to the object of the action would be drawn into the jurisdiction, and it would not be necessary to file separate suits to sell lands located in other counties, for this ought be done and may be done under the one action. Gibson's Suits in Chancery, sec. 212, Note 2.

The object of this bill was to wind up the corporate business and distribute the assets, and a sale of all the real estate wholly situated in Jefferson county where the Company had its principal office and conducted its business, was a necessary incident to liquidation. It required foreclosure of the mortgage and the divestiture of the legal and equitable estate out of the trustee and the Milling Company so as to effect a transfer to the purchaser.

The Mossy Creek Bank, a creditor interested in the proceeds of the sale, and a defendant, invoked the local jurisdiction of the county where the land lay, and challenged that of Hamblen county, but admitting that the jurisdiction lay in Jefferson county, it is urged that the defendant waived the jurisdictional question raised by the plea in abatement, in its subsequent appearance to file the petition.

Before chapter 121, Acts of 1897, it was required that a defendant stand on the plea in abatement, and a gen-

eral appearance after plea overruled waived the question of jurisdiction. *Simpson* v. *Railway*, 89 Tenn., 304. But the Act of 1897 changed the rule so that an appearance and defense to the action after plea in abatement overruled, is not a waiver of the plea. The purpose of the Act was to do away with the former necessity of resting on the plea in abatement and standing or failing on that defense alone. *Citizens Bank & Trust Co.* v. *Bayles & Bunch*, 281 S. W., 934; *Railroad* v. *McCollum*, 105 Tenn., 623; *Sewell* v. *Tuthill*, 112 Tenn., 271; *Thach* v. *Continental Travelers' Mutual Accident Association*, 114 Tenn., 271.

The defendant did not waive its plea in abatement by filing the petition to avoid the decree for sale and transfer venue to the county where the land was situated. The action should have been abated.

Reversed and remanded for settlement with the receiver, and restoration of notes and cash payment to the purchaser. Costs will be paid out of any funds in the hands of the clerk and master, if any belonging to the Crosby Milling Company.