CARTER *et al. v.* BROWN *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

C. G. Milligan, of Chattanooga, for appellants.

Raulston, Raulston & Swafford, of South Pittsburg and Jasper, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Complainant below, appellant here, is Paul B. Carter. Defendants below, appellees here, are Arch Brown and Mr. and Mrs. Lewis Brown. Carter and one of defendants are residents of Hamilton County. The others are residents of Georgia, but in Court by acceptance of service of process.

There is a recorded deed conveying to Carter a large tract of land. Part of this tract is in Marion County, and the remainder in Hamilton County. There is a recorded deed conveying to Lewis Brown and wife a small tract of land. This tract is entirely in Marion County. It is, however, within the metes and bounds description of the larger tract conveyed to Carter.

The Browns began to cut and take away timber growing on the small tract in Marion County. Carter thereupon filed his bill, and as amended, in the Chancery Court of Hamilton County alleging the deed to the Browns to be champertous, and that they are trespassers upon his land in cutting and taking away this timber. The relief sought is (1) an injunction restraining further cutting of timber, and (2) a decree declaring the deed to the Browns to be champertous, and (3) ordering its cancellation as a cloud upon Carter's title.

The Browns plead in abatement that since the tract of land *in dispute* lies entirely in Marion County it follows that the Chancery Court of Hamilton County is without jurisdiction. The Chancellor sustained this plea. Carter has appealed.

Carter's position is that Code Section 8642 vests the Chancery Court of Hamilton County with jurisdiction over the controversy. That code section provides that in an "action" which "relates to real property" the "suit" may be "brought in any county where the real property, or any portion of it, lies * * *." That is, Carter construes this code section to mean that even though the tract of land *in dispute* is entirely within one county, nevertheless, if that tract is embraced within the description of a larger tract lying partly within that county and partly within another, then the Courts of either county have jurisdiction.

The Chancellor felt compelled to reject this insistence and to sustain the plea in abatement on the authority of *Draper* v. *Kirkland,* 38 Tenn. 260. That was an ejectment suit commenced in the Circuit Court of Putnam County. The facts of that case were that "the land in dispute, claimed and occupied by the defendants, lies entirely within the county of DeKalb, but is embraced within a grant of 5,000 acres to the plaintiffs, which lies partly in both of those counties". The Circuit Judge held that the Putnam County Circuit Court was without jurisdiction. This Court, in affirming, said that:—"At the common law this action is in its nature local, and must be brought in the county where the land lies"; and that Code Section 8642 did not change this rule other than to provide that where the tract *"in dispute"* lies in two or more counties, jurisdiction of the controversy is in the courts of either. The substance, of course, of this holding is that if the land

*in dispute* is entirely within one county only the Courts of that county have jurisdiction, notwithstanding the fact that this tract is embraced within the description of a larger tract lying partly within another county. That is the identical situation in the instant case.

Eliminating for the instant a second insistence made in behalf of Carter, the decree of the Chancellor will have to be affirmed unless *Draper* v. *Kirkland,* supra, is to be overruled. The Court is not disposed to do that. Only the most compelling and obvious reason could justify this Court in overruling a previous construction which it has placed upon one of the statutes of its state. Too, wherever Code Section 8642 has been mentioned in our reported cases the Court seems to have given to that section the same interpretation as that given it in *Draper* v. *Kirkland,* although the exact question was not involved. Compare observations of the Court in *Frankfort Land Co.* v. *Hughett,* 137 Tenn. 32, 41, 191 S. W. 530; *French* v. *Buffatt,* 161 Tenn. 500, 503, 506, 33 S. W. (2d) 92. It is suggested in Carter's brief that *Campbell* v. *Hampton,* 79 Tenn. 440, partially sustains Carter's position. To the contrary, in so far as its remarks are applicable, they are in conformity with *Draper* v. *Kirkland,* we think.

Aside from the holding in *Draper* v. *Kirkland,* supra, Code Section 10388(2) specifically provides that *all* bills ''seeking to divest or clear title to land * * * shall be filed in the county in which the land, or a material part of it, lies''. The only land title to which there is dispute in this case or as to which it is sought to have title cleared is a tract in Marion County, being the tract described in the deed which is alleged to be champertous. To sustain appellant's position, therefore, would amount not only to an overruling without cause of *Draper* v. *Kirkland,* but would amount, in addition, to a defeat of the legislative in-

tent to localize actions in controversies with reference to real estate.

■ Equity acts in personam and, broadly speaking, may enjoin from illegal doings those of whom it has jurisdiction in personam. Hamilton County Chancery Court did have jurisdiction in personam of the Browns in this case. Broadly speaking, therefore, it may have had jurisdiction to enjoin them from cutting timber on property belonging to complainant. The Chancellor seemed to so think. Based on that fact, and on the further rule that if equity takes jurisdiction for one purpose it has jurisdiction for all purposes, Carter makes another insistence. It is that Hamilton County Chancery had jurisdiction in this case to declare champertous and void the deed to land located entirely beyond the boundaries of Hamilton County, because it had jurisdiction (so it is said) to enjoin the Browns from cutting this timber.

■ The insistence immediately above stated must be rejected upon the authority of *Crosby Milling Co.* v. *Grant*, 154 Tenn. 375, 378, 289 S. W. 511, 513, wherein this Court held that:—''The chancery court acts in personam and may exercise its jurisdiction when material defendants are before the court, but the Legislature may localize the jurisdiction of the court, and this was done by the act of 1877. (Code 10388(2) ) As a rule of procedure forbidding action outside the county where the land or a material part of it lies, the statute is mandatory, and must be observed when parties to the suit assert their right to locality of action which the statute gives.''

The decree of the Chancellor will be affirmed with costs adjudged accordingly.