JAMES P. STINNETT and wife, LOUISE L. STINNETT,
Complainants-Appellees,

*v.*

TOM-KEN BUILDERS, INC., Kemwall Financial Corp.,
U-Finish Homes, Inc., Allied Investment Co., and
S. P. Dannell, Defendants-Appellants.

379 S.W.2d 766

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

FRANCIS W. HEADMAN, Knoxville, for complainants-appellees.

DANNEL, FOWLER & SPROUL, Lenoir City, for defendants-appellants.

Mr. Justice Holmes delivered the opinion of the Court.

The parties will be referred to according to their status in Chancery Court. The defendants filed a plea in abatement to the complainants' bill questioning the venue of the Chancery Court of Knox County. The Chancellor overruled the plea in abatement and granted a discretionary appeal to this Court.

The records shows that in July 1962 the complainants, who are residents of Loudon County, entered into a contract with Tom-Ken Builders, Inc., a corporation with its principal office in Knox County, to erect a house on a lot owned by complainants in Loudon County. Complainants executed a note for the price of the house to be erected, secured by a trust deed on the lot, which trust deed was duly recorded in Loudon County. This note was apparently transferred to other defendants. The original trust deed named Keith McCord of Knox County as trustee. By an instrument duly recorded in Loudon County, S. P. Dannell was named as substitute trustee under this trust deed.

The bill of complainants alleges that Tom-Ken Builders, Inc., did not complete the house as agreed, that complainants' names were forged upon a certificate of com-

pletion, that each of the defendants was notified of the failure of Tom-Ken Builders, Inc., to construct the house in accordance with the contract and was notified of fraud committed apparently by Tom-Ken Builders, Inc., in selling and transferring their note and mortgage.

The bill further alleges that complainants were informed by the substitute trustee by letter dated September 28, 1963 that he had instituted foreclosure proceedings under this deed of trust and that the foreclosure sale would be held in front of the Courthouse at Loudon at 10:00 A.M., on October 18, 1963.

Complainants' bill was filed October 14, 1963 and prayed:

1. For Process.

2. That temporary injunction issue enjoining each of the defendants from foreclosing or attempting to foreclose the trust deed and that the defendants be enjoined from selling, transferring, negotiating, pledging or assigning the note executed by complainants' to Tom-Ken Builders, Inc.

3. That upon the hearing the injunction be made permanent.

4. That the note and trust deed executed by complainants ''and presently held by the defendant, Kemwall Financial Corp., be surrendered up to Court and cancelled subject to the execution of a new note and mortgage in accordance with the agreement of the parties complainant and the defendant, Tom-Ken Builders, Inc., upon the completion of the improvements upon the complainants' property as contracted.''

5. The bill further prays "that in the alternative, complainants have and recover of the defendants, and particularly Tom-Ken Builders, Inc., and U-Finish Homes, Inc., as damages an amount which would be required to place the improvements on complainants' property in the condition which they should have been expected and to complete the said improvements, said damages being for breach of contract, together with all other damages and expenses".

6. The bill prays for general relief.

A temporary injunction in accordance with the prayer of the bill was issued by the Chancellor.

By the plea in abatement, defendants assert that the bill seeks to enjoin the substitute trustee from foreclosing a trust deed registered in Loudon County embracing certain real estate owned by complainants in Loudon County; that, the real estate being located exclusively in Loudon County, under T.C.A. sec. 16-617, jurisdiction of the proceedings of this nature is vested solely in the Courts of Loudon County.

T.C.A. sec. 16-617, Paragraph (2), which prescribes the local jurisdiction of Courts of Chancery in this State, states:

"(2) All bills filed in any court seeking to divest or clear the title to land, or to enforce the specific execution of contracts relating to realty, or to foreclose a mortgage or deed of trust by a sale of personal property or realty, shall be filed in the county in which the land, or a material part of it, lies, or in which the deed or mortgage is registered."

In *Crosby Milling Company v. Grant,* 154 Tenn. 375, 289 S.W. 511, in construing this statute, the Court, at 387 and 388 of 154 Tenn., at 513 of 289 S.W. stated:

"As a rule of procedure forbidding actions outside the county where the land or a material part of it lies, the statute is mandatory, and must be observed when the parties to the suit assert their right to locality of action which the statute gives."

The prayer of the bill in this case shows that the purpose of the bill is to enjoin the foreclosure of a trust deed on real estate located in Loudon County, to cancel that trust deed and to enjoin the negotiation of the note secured by the trust deed. The alternative relief prayed for is damages against certain defendants for breach of contract.

In Section 184, Gibson's Suits in Chancery, 5th Ed., at Page 230, it is stated:

"In determining the venue, the complainant should consider:

1. Whether the suit in any way affects the title or possession of realty, or any interest in or lien on realty; if so, the bill must be filed in the county where such realty, or a material part of it, lies, unless the statute expressly allows the bill to be filed in some other county."

In *Carter et al. v. Brown et al.,* 196 Tenn. 35, 263 S.W.2d 757, a recorded deed conveyed to Carter a large tract of land lying partly in Marion County and partly in Hamilton County. There was a recorded deed to Brown and wife conveying a part of this land lying wholly in Marion County. The Browns began to cut and take away

timber growing on the small tract in Marion County. Carter filed a bill in the Chancery Court of Hamilton County alleging the deed to the Browns to be champertous. The relief sought by this bill was:

1. An injunction restraining further cutting of timber.

2. A decree declaring the deed to the Browns to be champertous; and

3. A cancellation of this deed as a cloud upon Carter's title.

In sustaining a plea in abatement to this bill, the Court, at page 40 of 196 Tenn., at page 759 of 263 S.W.2d stated:

"Equity acts in personam and, broadly speaking, may enjoin from illegal doings those of whom it has jurisdiction in personam. Hamilton County Chancery Court did have jurisdiction in personam of the Browns in this case. Broadly speaking, therefore, it may have had jurisdiction to enjoin them from cutting timber on property belonging to complainant. The Chancellor seemed to so think. Based on that fact, and on the further rule that if equity takes jurisdiction for one purpose it has jurisdiction for all purposes, Carter makes another insistence. It is that Hamilton County Chancery had jurisdiction in this case to declare champertous and void the deed to land located entirely beyond the boundaries of Hamilton County, because it had jurisdiction (so it is said) to enjoin the Browns from cutting this timber.

"The insistence immediately above stated must be rejected".

The Court, in *Carter v. Brown,* supra, quoted with approval from *Crosby Milling Company v. Grant,* supra, and held that by the Act of 1877 (now T.C.A. sec. 16-617(2)) the action was localized and could be maintained only in the county in which the land was located.

In the brief of appellee, it is stated:

"The real and primary question in this lawsuit is fraud and cancellation of instrument."

The instrument which it is sought to cancel is the trust deed upon the property located in Loudon County. The bill seeks to clear the title to land located in Loudon County. Therefore, under the express provisions of T.C.A. sec. 16-617(2), the action must be brought in the county in which the land lies. The reason for the statute making such action local is stated in Footnote 33 to Section 184, Gibson's Suits in Chancery, 5th Ed., as follows:

"All suits relating to land, or injuries to land or liens or incumbrances on land are local; and the reason they are ordinarily required to be brought in the county where the land lies is because the records affecting the title are, ordinarily, in such county, and should remain there."

The defendants in error rely upon the Court of Appeals opinion in *Smartt v. Smartt,* 1 Tenn.App. 68, in which there was a bill to confirm an exchange of minors' property for lands in another county. The Court held the venue of that action was fixed by the provisions of Sec. 5075 of Shannon's Code, which is now T.C.A. sec. 34-609.

The present case in no way deals with a sale of property of persons under disability. The Smartt case is not

authority for holding that Knox County is the proper venue in the present case.

It results that the Chancery Court of Knox County was in error in overruling the plea in abatement of the defendants. That decree is reversed and the cause is dismissed at complainants' cost.