McKiNNsy, J.,
delivered the opinion of the court.
This was an action of assumpsit in the circuit court of Cannon. It appears that on the 15th July, 1851, Samuel N. Burger made a promissory note for $589.19, payable twelve months after, date, to the order of A. Burger, at the Union Bank in Nashville. On the back of this note is an assignment in the usual form, to T. T. Peay. On the 1st of August, 1853, Peay sent this note to the plaintiffs enclosed in a letter, which is as follows: “ Messrs. Eakin & Co. Dear Sirs: I enclose you, after so long a time, Mr. S. N. Burger’s note for $589.19, which note I consider myself bound for as goer agreement between us. Yours, respectfully, T. T. Peay.” It appears that Peay had pi’eviously agreed with the plaintiffs to transfer said note to them by endorsement in the ordinary form, but that considerations arising out of his relations to the Burgers, induced him to prefer rendering himself liable as a guarantor of the note, rather than as endorser, to which the plaintiffs assented. This action is brought jointly against both the Burgers *423 and Peay. The declaration contains three counts. The first count charges S. N. Burger as maker, and A. Burger and Peay as endorsers. The second count varies from the first in this, that instead of alleging an endorsement of the note by Peay to the plaintiffs, it charges that he delivered said note to them, with his written guaranty, &c. The third is.in substance a count proceeding upon the legal liability of Peay upon the note, arising out of the foregoing instrument of guaranty, which is set out in words. This latter count is certainly very inartificial in its form, and upon that ground might have been demurred to; but no exception was taken to the declaration, or either count thereof, upon any ground. The defendants jointly pleaded non asswnypsit, upon which issue was joined.
His -Honor, the circuit judge, was of opinion, and so instructed the jury, that the plaintiffs could not recover, on the ground of want of interest in the note, or title to sue thereon, as the guaranty was inoperative to vest in them the legal title to the note, although in a proper proceeding, it might be sufficient to make him liable for the amount of said note.
This is certainly a palpable case of misjoinder of parties and of distinct causes of action, and upon common law principles the objection would be available on demurrer, in arrest of judgment, or upon a writ of error, the objection appearing on the face of the declaration. Nor is this a case within the act of 1820, ch. 25, § 2, which provides that, “ In all joint actions founded upon contracts, whether debt or case, a discharge of one or more who may be thus jointly sued, -shall not prevent a verdict and judgment *424 from being rendered against him, ber or them, wbo may be liable.” Here, there is no privity between the Burgers and Peay; no joint contract or liability. The liability of the Burgers on the note, as maker and endorser thereof, is wholly separate and distinct from that of Peay, whose name is not upon the note, and who is in no way liable thereon, and whose only liability is created by and rests , upon the guaranty. On no principle, therefore, is the joinder of these several parties and liabilities defensible. And but for the act of 1852, eh. 152, this action could not be maintained against either of the defendants. This is a very strong and universal statute of jeofcdls. The sixth section declares that no suit shall be dismissed for want of proper parties, or on account of the form of action, or for want of proper averments in the pleadings, and authorizes the court to change the form of action, and to strike out or insert the names of parties, either plaintiff or defendant, in the writ or pleadings, and to sujrply all proper averments.
But even under this statute, the present action can not be maintained against the Burgers for want of title in the plaintiffs to the note sued on. Nor are the defendants precluded upon the state of the pleadings, from availing themselves of this objection. It is true, that upon thé plea of non a&sumrpsii, not verified by affidavit, the maker cannot be permitted to deny the execution of the note, nor the endorser his endorsement thereof. But upon such plea, without oath, either is at liberty to urge, that from the plaintiffs’ own showing upon the face of the declaration, they have no legal interest in the note, and consequently can maintain no suit thereon.
*425 But it seems to us, that under tbe statute before referred to, tbe action may be maintained against tbe defendant, Peay. It is true, tbe count upon bis guaranty is technically defective in its averments; but no exception was taken upon tbis ground. Tbe guaranty itself, upon which bis liability arises, is set forth in tbe count, and according to established forms of pleading, tbis is allowable. Tbe instrument, of whatever description, may be stated in tbe declaration according to its legal effect and' operation, or it may be set forth in tbe words of tbe instrument; and in tbe latter case, tbe court will put tbe proper construction upon it, and give it its proper legal effect. Cbitty on Pleadings, 367, 305, 307.
In tbis view, the technical objections to tbe third count are perhaps obviated.. But, if tbis be not so, they constituted no ground under tbe act of 1852, for defeating tbe plaintiff’s right of recovery, more especially as no exception was taken to tbe count, either as respects form or substance.
There is no force in tbe objection in tbe present case, that no application was made to amend in tbe circuit court, for tbe purpose of supplying the proper averments, pursuant to tbe act of 1852. Tbe general rule in respect to statutes of amendment and jeofails, is, that tbe amendment need not, in point of fact, be made. Tbe benefit of tbe statute is obtained by tbe Court’s overlooking tbe exception, or considering tbe amendment as made. S Black. Com., 407. 1 Saunders, 228, n. 1.
Tbe judgment will be reversed, and tbe cause be remanded.