FORGEY *v.* WALLIN *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

SAM P. WALKER, WARING, WALKER, COX & LEWIS, of Memphis, for appellant.

COOPER TURNER, JR., CANADA, RUSSELL, TURNER & ALEXANDER, of Memphis, ELTON A. RIEVES, JR., RIEVES & SMITH, of West Memphis, Arkansas, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in the court below, and appellant here, is a resident of Memphis, Tennessee, while the defendant is a resident of the State of Arkansas. Suit was brought in forma pauperis in the Circuit Court of Shelby County, Tennessee, against Luther Wallin and his son, Earl Wallin, non-residents, etc. An attachment was sued out against Luther Wallin alleging breach of contract, after a return of the summons "not to be found in Shelby

County of the State of Tennessee". The attachment was served by garnishment on the Union Planters National Bank of Memphis, and the bank answered that it had in its hands the sum of $70,000 in the account of the said Luther Wallin.

The first count in the declaration charges that the plaintiff was employed by Wallin and Son of which Luther Wallin, the father, was head, and that the plaintiff was wrongfully, wilfully and maliciously discharged from his employment.

The second count alleges the same facts with the additional charge that the plaintiff was libeled in that a claim was made in writing against the American Bonding Company on the ground that the plaintiff as bookkeeper had stolen $4,900 from Wallin and Son, and the Bonding Company was liable for it.

The third count alleges that the plaintiff was slandered by Luther Wallin who had stated to various persons in Earl, Arkansas, that plaintiff was guilty of embezzlement, etc.

On October 8, 1953, an attorney for Luther Wallin filed a plea in abatement to counts two and three on the ground that the writ of attachment did not reach funds in the hands of the garnishee for the purpose of obtaining service on the defendant, Luther Wallin, because the suit was instituted on the pauper's oath. The counsel later moved the court to strike certain parts of Count No. 1 from the declaration, the same relating to special damages. We pretermit defendant's motion to dismiss the appeal.

The four assignments of error in reality present only two questions for consideration: (1) whether or not the motion to strike was a waiver of the plea in abatement;

and (2) whether or not, considering that the plea in abatement was good as to counts two and three, the same being sustained by the trial court, was the plaintiff entitled to amend his declaration by restoring counts two and three, because of his voluntary appearance as to count one?

·The record discloses that the plea in abatement and motion to strike were filed on the same day, although the former seems to have been filed first.

The trial judge sustained the plea in abatement. Thereupon the plaintiff moved to amend count one of the declaration ''by adding counts two and three as a part thereof'' on the ground that by entering his appearance as to count one he was personally in court as though he had been served with process.

The court in sustaining the plea in abatement held that filing said plea by counsel did not constitute a general appearance by defendant as to counts two and three. These counts were accordingly ''dismissed and stricken''. The motion by defendant to strike the allegations as to special damages as alleged was overruled.

We think the questions raised in the assignments of error are controlled by Code Sections 8755 and 8756. These statutes are as follows:

8755. *''Plea in bar, after plea in abatement is overruled.*—A defendant has the right, upon the overruling of a plea in abatement, for any cause filed by him to any action, to plead to the merits, and rely upon any defenses, as if said plea had not been interposed.''

8756. *''Pleas in abatement and in bar at same time, and tried together.*—A defendant can, in any suit, plead both in abatement and in bar, at the same

time, and said plea in bar is no waiver of the plea in abatement, and when so pleaded, both pleas shall be heard at the same time, and judgment rendered on each plea.''

It is conceded by defendant's counsel that the motion to strike allegations in count one constituted a general appearance as to that count.

The Code Sections herein copied were enacted in 1897 and were construed by this Court in *Railroad Co.* v. *McCollum,* 105 Tenn. 623, 59 S. W. 136, and again in *Crosby Milling Co.* v. *Grant,* 154 Tenn. 375, 289 S. W. 511, 513. In the latter case it is said:

''Before chapter 121, Acts of 1897, it was required that a defendant stand on the plea in abatement, and a general appearance after plea overruled waived the question of jurisdiction. *Simpson* v. *Railway Co.,* 89 Tenn. 304, 15 S. W. 735. But the act of 1897 changed the rule so that an appearance and defense to the action after plea in abatement overruled, is not a waiver of the plea. The purpose of the act was to do away with the former necessity of resting on the plea in abatement and standing or falling on that defense alone. *Citizens Bank & Trust Co.* v. *Bayles & Bunch,* 153 Tenn. 40, 281 S. W. 932, 934; *Railroad Co.* v. *McCollum,* 105 Tenn. 623, 59 S. W. 136; *Sewell* v. *Tuthill,* 112 Tenn. 271, 79 S. W. 376; *Thach* v. *Continental Travelers' Mutual Accident Ass'n,* 114 Tenn. 271, 87 S. W. 255.

''The defendant did not waive its plea in abatement by filing the petition to avoid the decree for sale and transfer venue to the county where the land was situated. The action should have been abated.''

We think the trial court was correct in sustaining

the plea in abatement—in other words, the defendant did not waive the question of jurisdiction of his person in the instant case.

The authorities cited by plaintiff's counsel do not deal directly with the questions here involved, i.e. *Cooper* v. *Reynolds*, 10 Wall. 308, 77 U. S. 308, 19 L. Ed. 931; and Gibson's Suits in Chancery, page 218, Section 224. The same is true as to *Akers* v. *Gillentine*, 33 Tenn. App. 212, 231 S. W. (2d) 372. An examination and analysis of the latter case clearly shows that it is not applicable.

The entire effort of plaintiff's counsel is to maintain a single suit for damages on the pauper's oath, (1) for breach of contract, (2) for libel and (3) for slander. The plaintiff insists upon trying three separate and distinct causes of action in one suit. That a suit for either libel or slander cannot be maintained by way of attachment *without an attachment bond* does not admit of debate. The counsel by his motion to amend count one by adding as a part thereof counts two and three seeks to bring in two distinct causes of action which are not germane to a suit for breach of contract. While the latter may be brought in *forma pauperis*, there is no authority to be found which would permit separate actions "as part" of the first without bond.

The authorities which properly allow wide discretion in amending declarations have no application to the question now before us. We have expressly and repeatedly held that an amendment introducing a new cause of action should not be allowed. See *Macklin* v. *Dunn*, 130 Tenn. 342, 170 S. W. 588, and other cases.

Furthermore it seems fundamental in pleading that an amendment is properly refused if it changes the cause of action. The crux of the issue in deciding if new

causes of action are sought by way of amendment is would the evidence support each of the separate counts, or otherwise? The speaking of slanderous words have no bearing upon the issue of breach of contract for hire of one year; and the same is true as to the charge of libel. Proof that the defendant made libelous statements to the American Bonding Company to recover on plaintiff's bond is wholly irrelevant to the contract of employment for a specified time and whether or not the same was breached. It is settled law in this State that each publication of a libel constitutes a separate cause of action. *Underwood* v. *Smith*, 93 Tenn. 687, 27 S. W. 1008.

In conclusion we think (and plaintiff's counsel practically admits it) that it would have been improper to join the libel and slander suits with the contract count. Had the trial judge permitted the amendment it would in effect reinstate these counts and authorize the prosecution of a cause of action in forma pauperis, which the law does not permit.

The assignments of error are overruled and the judgment of the trial court is in all respects affirmed.