J. H. ROONEY et al., Complainants-Appellees, v. FRED
CALLINS et al., Defendants-Appellants.
—459 S.W.2d 430.

Middle Section. April 24, 1970.

Certiorari Denied by Supreme Court October 19, 1970.

Kirk C. Waite, Nashville, for complainants-appellees.

Robert L. Hearn, Greenfield, Harold T. Brundige, Martin, for defendants-appellants.

TODD, J. The complainants, who are "business brokers," sued all of the stockholders of Callins Industries, Incorporated, for commission upon the sale of all of the capital stock of said corporation. The chancellor awarded a decree against each of the defendants, severally, for the pro-rata portion of complainant's commission attributable to the stock held and sold by each defendant. The defendants, Quentin Householder and Tom Osborn, have not appealed. The remaining eight defendants have appealed, and will be hereafter referred to collectively as the appellants.

The principal, and determinative, issue in this appeal is whether the suit was properly brought against all

stockholders in Davidson County, where ony one stockholder-defendant resided.

The original bill alleged that the defendants were the former stockholders of Callins Industries, Incorporated, a Tennessee corporation located at Greenfield, Weakley County, Tennessee; that defendants, Fred and Velma Callins, were principal stockholders of said corporation; that the remainder of the stock of the corporation was owned by the other defendants in lesser amounts; that the defendant Householder, a resident of Davidson County, with the consent of defendant Fred Callins, requested complainants to find a buyer for the stock of said corporation; that, as a result of the efforts of complainants, all of the stock of said corporation was sold; and that the defendant, Fred Callins, agreed to pay complainants $20,000.00 commission for the sale. The bill continues:

> "Complainants are informed and therefore believe that the defendants, Akins, Womble, *McKelvy*, Garin, *McKelvy*, and Belew, agreed with the defendant Callins, to sell their stock on the same conditions and under the same liability, as defendant, Callins, and are therefore liable to the complainants for the commission due them as aforesaid along with the defendants, Callins and Householder.

> "Complainants aver that the defendant, Householder, was made an agent of the defendant, Callins, for the purpose of selling the stock in Callins Industries, Inc. and that Callins bestowed upon Householder authority to bind him on any contracts connected with such sale, which would include but not be limited to the power to bind Callins on an agreement to pay a commission to the complainants on the sale of the stock."

There is no allegation in the bill that the defendants, Velma Callins, Tom Osborn, or either of them, engaged the services of complainants, agreed to pay them, or authorized anyone else to do so. Nor is there any allegation that Quentin Householder ever obligated himself personally for any of the commission allegedly due from the other defendants.

The original bill alleged that defendant Quentin Householder was a resident of Davidson County, where subpoena was served upon him. The bill alleged that all remaining defendants were residents of Weakley County, Tennessee, to which county counterpart subpoena was issued and served upon all defendants except Tom Osborn.

The original bill was amended to allege that Tom Osborn was a non-resident of the state, and an order of publication was entered; however the record does not reflect that such publication was ever completed. Nevertheless, a pro confesso was entered against Tom Osborn and the final decree renders judgment against him in the amount of $18.00 and the costs of the cause. Osborn did not participate in the proceedings below, and has not appealed.

The original bill was filed on November 23, 1966. The first plea in abatement was filed by appellants on December 19, 1966, on the ground that none of appellants were residents of or served with process in Davidson County and that the defendant Householder was not a material defendant to any cause of action against appellants.

On December 19, 1966, complainants filed the following motion:

"Comes the complainants and moves to test the sufficiency of the defendant's plea in abatement."

On April 7, 1967, an order was entered as follows:

"This cause came on to be heard before the Honorable Ned Lentz, Chancellor of Part I, of the Chancery Court of Davidson County, Tennessee, upon the motion of the complainant to test the sufficiency of the plea in abatement filed by certain of the defendants herein, argument of counsel and the entire record from all of which the Court is of the opinion that said plea is sufficient in law, whereupon the complainants move the Court to be allowed to amend their bill and the Court being of the opinion that said motion to amend should be allowed.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the plea in abatement heretofore filed by certain defendants in this cause is sufficient in law.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the complainants be allowed to amend their bill, and are hereby given fifteen (15) days within which to file said amendment."

On the same date, complainants filed an amendment to their bill alleging that "Householder is a material defendant in this cause, that he was the third largest stockholder in Callins Industries, Inc., * * that the contract * * * for the sale of this stock was made by * * * Householder for himself and the other defendants, * * * that * * * Householder is jointly and severally liable along with his co-defendants for the amount sued for herein."

The amendment to the bill prayed for judgment against each of the defendants for the full amount of the entire commission allegedly due complainants for the sale of the entire stock of each and all of the defendants. (For example, the amendment prayed for a judgment of $20,-000.00 against the nonresident, unserved, Tom Osborn, whose maximum liability upon his stock holdings was subsequently determined to be $18.00).

On June 7, 1967, appellants filed a plea in abatement to the amended bill upon the same grounds as the former plea.

On June 9, 1967, complainants filed a replication joining issue on the second plea in abatement.

On August 11, 1967, the following order was entered:

## ORDER OVERRULING PLEA IN ABATEMENT

"This cause came on to be heard on the 11th day of August, 1967, before the Honorable Ned Lentz, Chancellor of Part I of the Chancery Court of Davidson County, Tennessee, upon the original bill, the plea in abatement thereto, the original bill as amended, the plea in abatement thereto, replication of the complainants to said pleas in abatement, *and motion of the complainants to dispose of said pleas,* and the entire record from all of which the Court is of the opinion that said pleas in abatement both to the original bill and the original bill as amended should be overruled and dismissed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the pleas in abate-

ment to both the original bill and the original bill as amended be and the same hereby are overruled and dismissed and the defendants are given 30 days within which to answer the original bill." (Emphasis supplied.)

No exception or prayer for appeal is noted in said order.

On September 14, 1967, appellants filed an answer in which they generally denied the material allegations of the bill and denied any liability to complainants. The answer did not reiterate or rely upon the plea in abatement previously overruled.

Upon the trial of the cause, at the conclusion of complainant's evidence, the following occurred:

MR. HEARN: May it please the Court, actually *what we want to do is renew our plea in abatement.* The original bill, as it was filed here, was dismissed on the original plea in abatement. The original plea in abatement, in other words, was sustained, the bill was amended. The amendment to the bill changed nothing except that it made an averment that Quentin Householder was a material defendant and it said he was jointly and severally liable for this sale commission.

"Now, may it please the Court, Mr. Rooney stated while he was on the Stand as far as he was concerned Mr. Householder was responsible only for his pro rata share of the commission and Mr. Householder admitted repeatedly he owed it or admitted it and agreed to pay it. This amendment that was made to the bill that has already—that has already been testified to from the Stand.

"This amendment is not a true statement of facts. Everything that was changed about this bill by this amendment has been stated on the Witness Stand this morning to be incorrect and we therefore say if the amended bill is incorrect you resort to the original bill and the original plea in abatement is good insofar as any lawsuit against Mr. Callins or his wife or any of these other people as far as that lawsuit is concerned. Mr. Quentin Householder is not a defendant and we are in the wrong County. Mr. Householder is the only defendant mentioned living in Davidson County. *The plea in abatement should be sustained* because the amendment was made for the purpose of avoiding this plea in abatement. We respectfully ask that this case be dismissed.

THE COURT: *I think under the proof that has been offered Mr. Householder is a principle* (sic) *and your motion is denied.*

MR. HEARN: Note our exception.

MR. WAITE: Does this take the nature of a—by what he has stated and the motion he has made of being a motion to dismiss at the end of the complainant's proof?

THE COURT: No, he didn't pursue the motion to dismiss. *He switched over to the plea in abatement.* All right, are you ready for the next witness?" (Emphasis supplied.)

On June 5, 1969, after considering testimony in open court and depositions, the chancellor entered the following order:

"The Court is of the opinion and finds that the averments of the complainants are sustained by the proof and that the *complainants are entitled to recover the total sum of Twenty Thousand and 00/00th ($20,000) Dollars* plus interest from the date of judgment from the defendants. *Each defendants personal liability shall be pro rated by the number of shares of stock each defendant held* at the time his stock was sold to the total amount of the judgment rendered herein.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the complainants have and recover of the defendant Fred Callins the sum of Nine Thousand Three Hundred and Fourteen and 00/100th ($9,314.00) Dollars, from Velma Callins the sum of Eight Thousand Four Hundred and Sixty Eight and 00/100th ($8,468.00) Dollars from Quentin L. Householder the sum of One Thousand Eight Hundred and Sixty Two and 00/100th ($1,862.00) Dollars, from Tom Ozburn the sum of Eighteen and 00/100th ($18.00) Dollars, from Tom Akin the sum of One Hundred and Two and 00/100th ($102.00) Dollars, from Maurice Belew the sum of Fifty and 00/100th ($50.00) Dollars, from Early Gearin the sum of Thirty Six and 00/100th ($36.00) Dollars, from J. T. Womble the sum of Fifty and 00/100th ($50.00) Dollars, from Spurgeon McKelvey the sum of Fifty and 00/100th ($50.00) Dollars, and from Hallie McKelvey the sum of Fifty and 00/100th ($50.00) Dollars, totaling Twenty Thousand and 00/100th ($20,000.00) Dollars and the cost of the cause, plus interest.

"All of which the defendants except and pray and appeal to the next term of the Court of Appeals at Nashville which is granted by the Court."

The first two assignments of error complain of the adverse judgment upon the plea in abatement, thus presenting the issue stated at the beginning of this opinion.

In response to the first two assignments, complainants point out that no exception was taken to the chancellor's decree of August 11, 1967, quoted supra.

Secs. 20-906, 907, T.C.A. are as follows:

"*20-906. Pleading after plea in abatement overruled.* —A defendant has the right, upon the overruling of a plea in abatement, for any cause filed by him to any action, to plead to the merits, and rely upon any defenses, as if said plea had not been interposed. [Acts 1897, ch. 121, sec. 1; Shan., sec. 4625a1; Code 1932, sec. 8755.]"

"*20-907. Simultaneous pleas in abatement and in bar.*—A defendant can, in any suit, plead both in abatement and in bar, at the same time, and said plea in bar is no waiver of the plea in abatement, and when so pleaded, both pleas shall be heard at the same time, and judgment rendered on each plea. [Acts 1897, ch. 121, sec. 2; Shan., sec. 4625a2; Code 1932, sec. 8756.]"

In Thach v. Continental Travellers Mutual Accident Association, 114 Tenn. 271, 87 S.W. 255 (1904), there was a suit against a non-resident corporation with service of process upon an allegedly authorized agent: In said case, the opinion of the Supreme Court states:

"It appears the original bill was filed on the 10th day of May, 1901, and the plea in abatement was filed on the 10th day of June, 1901. The cause was heard on the plea in abatement on the 17th day of June, 1903, when the same was overruled. *Defendant did not except*

*to the action of the court in overruling the plea in abatement,* but in the decree it was recited that, upon motion of the defendant's counsel, defendant is allowed thirty days in which to answer complainant's bill. The cause was heard by the chancellor on the proof July 25, 1904, and a decree pronounced in favor of complainants. No appeal was prayed, but the cause was brought to this court upon a writ of error. It is now insisted that this court cannot look to the question raised by the plea in abatement, for two reasons: (1) Because the answer to the merits waived the plea in abatement. This cannot be true, since Acts 1897, p. 277, c. 121, which provided (section 1) that a defendant has the right, upon the overruling of a plea in abatement for any cause, filed by him to any action, to plead to the merits, and rely upon any defenses as if said plea had not been interposed.

\* \* \* \* \* \*

"It is obvious that, under the second section of this act, the two pleas may be interposed simultaneously, if the pleader so desires; but under the first section he may interpose his plea in abatement independently, and, if that is overruled, he may then file his plea in bar.

\* \* \* \* \* \*

"\* \* \* We are entirely satisfied with this construction of the statute, and adhere to it. It results that, in our opinion, Anderton was not an agent of defendant company upon whom process might be served under the act of 1887, and that the plea in abatement was properly filed, and should have been sustained. The decrees of the chancellor and the Court of Chancery Appeals are

reversed, and complainant's bill is dismissed, with costs.''

It is obvious from the foregoing that in *Thach,* the Supreme Court reviewed the finding of fact of the lower court and reversed its decision upon the plea in abatement despite the failure of the defendant to "except" to the action of the court upon the plea and despite the subsequent filing of a plea in bar to the merits without specifically reiterating and relying upon the plea in abatement.

The principle announced in *Thach* was reiterated in Citizens Bank and Trust Co. v. Bayles, 153 Tenn. 40, 281 S.W. 932 (1925), although the disposition of the appeal was upon other grounds.

In Crosby Milling Co. v. Grant, 154 Tenn. 375, 289 S.W. 511 (1926), the rule was again announced that under the statute (TCA sec. 20-906, 907) an appearance and defense to the merits is not a waiver of plea in abatement. See also Harrell v. American Home Mortgage Co., 162 Tenn. 371, 36 S.W.2d 888 (1931); Forgey v. Wallin, 197 Tenn. 20, 270 S.W.2d 342 (1954); Sovereign Camp of the Woodmen of the World v. Mankin, 5 Tenn.App. 188 (1927).

Next, appellees correctly insist:

"The transcript shows that the replication was filed to the second plea in abatement and that the matter was heard on a motion to dispose of the plea rather than taking issue on same. * * *''

however this insistence is favorable to appellants rather than appellees, for a "motion to dispose of" a plea implies an application for decision upon the legal questions

presented by the plea, rather than an evidentiary hearing upon the issues of fact presented by the plea and the response thereto (replication). From the order of August 11, 1967, quoted supra, this is exactly what happened. No evidence was heard by the chancellor until the hearing upon the merits at which time the factual merits of the plea in abatement were adjudged adversely to appellants in the previously quoted excerpt from the bill of exceptions.

Next, appellees insist that the chancellor ruled correctly in the light of the facts of the case, and in support thereof state the following propositions of fact:

"1. Quinten L. Householder was named as a party defendant in the original bill. (See transcript, page 1).

2. It was Mr. Householder that first contacted the complainants regarding the sale of the stock.

3. It was Mr. Householder with whom the complainants first dealt.

4. It was Mr. Householder who reported to the complainants the proposal as to how the amount due the complainants would be paid. (See transcript, page 532 and pages 97 & 98 of Bill of Exceptions).

5. Mr. Householder was sued individually. (See Amended Bill, page 17 of transcript).

6. The defendants in their answer admit that Mr. Householder was a stockholder in CALLINS INDUSTRIES prior to the time the stock of CALLINS INDUSTRIES was purchased by WHITE-

HALL ELECTRONICS, INC. (See transcript, page 24, for answer of defendants).

7. Mr. Householder himself in his answer admits that he was a stockholder in the corporation and that it was with him that the complainants dealt throughout the transactions. (See transcript, page 29, for the answer of Householder).

8. Upon the hearing of the cause, the defendant Householder had a judgment rendered against him in the amount of $1,862.00. Said judgment was not appealed and has, in fact, been paid. (See Final Decree, page 36 of transcript).''

Complainants rely upon sec. 195, Gibson's Suits in Chancery, Fifth Edition, as follows:

''*Sec. 197. Counterpart Subpoenas.*—When there are defendants in another or other counties from that in which the bill is filed, the complainant may cause counterpart subpoenas to be issued to any county or counties where any of the defendants are most likely to be found. * * *'' Gibson's Suits in Chancery, Fifth Edition, Vol. 1, p. 243.

The footnote of said section refers to sec. 20-211 T.C.A. which reads as follows:

''*20-211. Counterpart summons.*—Where there are two (2) or more defendants in any suit in courts of law or equity, or before justices of the peace, the plaintiff may cause counterpart summons or subpoena to be issued to any county where any of the defendants is most likely to be found, the fact that the counterpart process is issued in the same suit being noted on each process, which, when returned, shall be docketed as if only one

process had issued. If the defendants are not served, the same proceedings shall be had as in cases of other similar process not executed. Such counterpart, when issued from a justice, shall be returned within thirty (30) days. [Code 1858, secs. 2821, 2822 (deriv. Acts 1820, ch. 25, sec. 3); Shan., secs 4526, 4527; Code 1932, secs. 8653, 8654.]''

Annotated under said code section are a number of Tennessee decisions which require that a real, bona fide, material defendant be duly served in the county where the action is commenced. None of said decisions deals with the specific problem presented by the present case.

Sections 20-108 and 20-109 T.C.A. are as follows:

''*20-108 Several liability on joint obligations.*—All joint obligations and promises are made joint and several, and the debt or obligation shall survive against the heirs and personal representatives of deceased obligors as well as against the survivors, and suits may be brought and prosecuted on the same against all or any part of the original obligors, and all or any part of the representatives of deceased obligors, as if such obligations and assumptions were joint and several. [Code 1858, sec. 2789 (deriv. Acts 1789, ch. 57, sec. 5); Shan., sec. 4486; Code 1932, sec. 8613.]''

''*20-109. Joinder of defendants on joint and several obligations.*—Persons jointly or severally or jointly and severally bound on the same instrument, or by judgment, decree, or statute, including the makers and indorsers of negotiable paper and sureties, may all or any part of them be sued in the same action. [Code 1858, sec. 2787 (deriv. Acts 1789, ch. 57, sec. 5; 1813, ch. 66, sec. 1; 1820, ch. 25, sec. 1; 1829, ch. 66, sec. 1;

1837-1838, ch. 5, sec. 1); Shan., sec. 4484; Code 1932, sec. 8611.]''

In the case of Eakin & Co. v. Burger, 33 Tenn. 417 (1853) it was held that a suit against defendants who did not assume a joint liability "was a palpable misjoinder of parties."

▮ Construing the foregoing statutes in pari materia, the privilege of issuing a counterpart summons to a county other than the county of suit must be based upon a proper joinder of defendants who are (1) jointly liable, or (2) severally liable *upon the same instrument* or judgment, and may not be based upon a misjoinder of parties.

In the present case, the original declaration alleged no joint obligation or several liability upon the same instrument or judgment. Based upon the lack of such allegations, the chancellor correctly sustained the plea in abatement upon motion. The grounds of his action were found in the contents of the original bill.

In an effort to cure the defect in the bill, the amendment thereto (quoted supra) simply stated a conclusion that the defendant Householder was jointly liable with the other defendants. Again there was no allegation of several liability upon the same instrument or judgment. The chancellor then "overruled the plea in abatement." Previously he had ruled that the plea in abatement was good upon the face of the pleadings. After amendment, he ruled that the plea in abatement was no longer good upon the face of the pleadings, but that the factual issues, whether raised by plea in abatement, plea in bar or both must be determined by a single evidentiary hearing as provided in sec. 20-907 T.C.A., supra.

When the case was heard upon its merits, the appellants called to the chancellor's attention the fact that the evidence of the complainants failed to sustain the conclusion of the amended bill that the defendants were jointly liable. At this point, the chancellor overruled the plea in abatement upon the evidence. (See foregoing quotation from bill of exception)

This Court is unable to agree with the chancellor's last ruling upon the merits of the plea in abatement. Admittedly, the factual background of the ruling is complex; but for purposes of the ruling, no disputed issues of fact needed to be resolved. The evidence, viewed in the light most favorable to complainants requires that the plea in abatement be sustained. Neither the propositions of fact advanced in complainant's brief nor any other facts disclosed by any evidence in the case are sufficient to support an action of the nature of the present case.

■ The basic infirmity of complainants' suit is misjoinder of actions and parties, and there can be no gathering of parties from other counties (and states) where they have been misjoined. Eakin v. Burger, supra.

In 1 C.J.S. Actions sec. 72, p. 1207, is found the following:

"On the other hand *a complaint or petition states different causes of action where it seeks to enforce* distinct and separate rights of different plaintiffs, *or distinct and separate liabilities of different defendants;* * * *" (Citing cases) (Emphasis supplied.)

In Gulf States Steel Co. v. Fail, 201 Ala. 524, 78 So. 878 (1918) there was a suit for a servant's death against a master under the Employers Liability Act and against

an employee of the master for negligence. The court held that there was a misjoinder of actions and parties even though both defendants were allegedly liable for the same injury and, presumably, their liability would to some degree be joint.

In Producers' Livestock Marketing Ass'n v. Livingston, 216 Iowa 1257, 250 N.W. 602 (1933) there was a suit for conversion of cattle, naming four defendants who allegedly received, possessed, and converted the cattle in succession. The Iowa Supreme Court held this to be a misjoinder of actions and affirmed the dismissal of the action as to all except one defendant.

In 67 C.J.S. Parties sec. 35, p. 949, is found the following:

"Persons liable on several and distinct contracts or obligations, although with the same person or set of persons, may not be joined as defendants in one action at common law, but each must be sued separately;"

In the present case, no joint liability is shown between any of the defendants as to any part of the amount sued for; and, there is no showing of several liability arising from the same instrument or judgment.

There was a corporation in which all defendants owned stock, but it is not alleged that the corporation was a party to any agreement, either express or implied, and the corporation was not sued. The stockholders of a corporation are not jointly liable upon any obligation merely because they are stockholders of the same corporation.

It is alleged that the complainants were engaged to act for all of the stockholders by Mr. Householder, who was authorized to speak for all the stockholders by Mr.

Callins, the authorized representative of all the stockholders. Assuming this intricate relationship to exist, there is nothing therein to create any joint liability, that is, there is nothing in such a relationship of common agency to make one stockholder liable for the obligation of any other stockholder. The mere fact, if true, that a single agent was authorized to act for each and every stockholder in the sale of their respective stock holdings would not create any situation of joint enterprise or quasi partnership such that any one stockholder would be liable for any charges except those relating to his own stock. Actually, there is no insistence upon such a unique relationship of joint liability.

It is alleged that Mr. Householder, a stockholder, was authorized to represent the other stockholders, and thereby in his dual role he incurred some joint liability. The law does not support such a theory. In Hammond v. Herbert Hood Co., 31 Tenn.App. 683, 221 S.W.2d 98 (1948) this Court said:

"[6, 7] The general principle of law thus applicable is well stated in 2 Am. Jur. 247-8, Sec. 315 as follows:

'If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone, unless credit has been given expressly and exclusively to the agent, and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone. The presumption is that where one known to be an agent deals or contracts within the scope of his authority, credit is extended to the principal alone and the act or contract is his engagement as if he were

personally present and acting or contracting. * * *"
31 Tenn.App. pp. 693, 694, 221 S.W.2d pp. 102, 103.

Thus there is no legal ground for holding that Mr. Householder incurred any liability to complainants except commission upon that part of the stock held by him (Householder).

Upon the facts alleged in the bill and indisputably shown by the evidence, the only rights which ever accrued to complainants consisted of separate rights of action against each of the stockholders for the several commissions allegedly due for the sale of the holdings of the respective stockholders. This is exactly what the chancellor held in his final decree. Said decree, by its own terms, establishes the facts upon which the plea in abatement should have been sustained.

Authorities are cited for the joinder of *material* defendants who have any interest in the subject matter, but same are not in point because complainants have not one, but ten separate rights of action against ten separate defendants and not one of the defendants has any material interest in the complainants' suit against any other defendant.

Complainants criticize the form and contents of the plea in abatement, but same is adequate to present the grounds of abatement sustained herein. Sec. 20-702 T.C.A.

█ The chancellor should have sustained the plea in abatement of the appellants. The judgment against Tom Osborn is patently invalid without personal service of process. Martin v. Wood, 212 Tenn. 389, 370 S.W.2d 478 (1963); Dickson v. Simpson, 172 Tenn. 680, 113 S.W.2d 1190 (1938).

The first two assignments of error are sustained. This makes unnecessary any consideration or discussion of other assignments relating to the merits of complainants' claims against appellants.

The decree against Quentin Householder who has not appealed will, of course, not be disturbed. The decree against all other defendants and the suit against them is abated. The costs of this appeal are taxed against the complainants-appellees.

Reversed and rendered.

Shriver, P. J. (M.S.), and Puryear, J., concur.