IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 6, 2003 Session

## SHEMEKA BUFORD, ET AL. v. STATE OF TENNESSEE, ET AL.

Appeal from the Circuit Court for Sumner County
No. 21186C      C. L. Rogers, Judge

No. M2003-00176-COA-R3-CV - Filed October 28, 2003

This is an action for damages against the Department of Children's Services of the State and one of its employees who allegedly strip-searched one of the plaintiff's young children, and attempted to strip-search another, while ostensibly seeking evidence of abuse allegedly inflicted by the mother. Process was never served on the employee. The claim was transferred to the Claims Commission. The plaintiff appeals, complaining of the dismissal of the employee, and of the transfer to the Commission. The judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J., and WILLIAM B. CAIN, J., joined.

Shemeka Buford, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Martha Campbell, Senior Counsel; Laura T. Kidwell, Assistant Attorney General and Douglas Earl Dimond, Assistant District Attorney General, for the appellees, State of Tennessee and Denita Marsh.

## OPINION

### I.

This action was filed in the Circuit Court of Sumner County by the mother of two children against the Department of Children's Services of Tennessee [DCS], and one of its employees, seeking damages for a purported investigation of her alleged abuse of the children. The procedural route of this claim has been a tortured one; suffice to state that the trial court dismissed the claims

against the employee, Ms. Marsh, because of lack of service of process, and transferred Ms. Buford's claims against the State to the Claims Commission.[1]

By Order entered May 29, 2003, this Court ruled that the trial court, by transferring the claims against the State to a tribunal that has no jurisdiction over Ms. Marsh, effectively severed those claims from the claims against Ms. Marsh.

Ms. Buford, appearing *pro se*, appeals the Order of transfer to the Claims Commission and the dismissal of the employee, Ms. Marsh. Our review is *de novo* on the record with a presumption of correctness as to factual findings unless the evidence preponderates against those findings. Rule 13(d), Tenn. R. App. P. As to questions of law, there is no presumption of correctness.

## II.

The plaintiff complains of the dismissal of Ms. Marsh from this litigation, with a number of sub-issues relating to the dismissal including attorney dereliction. Process was never served on Ms. Marsh; she was not before the court, and consequently the action against her could not be maintained. The trial court had no alternative to the dismissal of Ms. Marsh. ***Johnson v. McKinney***, 222 S.W.2d 879 (Tenn. Ct. App. 1948): ***Rooney v. Callins***,459 S.W.2d 430 (Tenn. Ct. App. 1970), Tenn. R. Civ. P. 3. Ms. Buford attributes the failure to effect process on Ms. Marsh to the DCS which refused to reveal her address. We respond to this argument only to demonstrate our concern for the frustrations confronted by Ms. Buford, with the reminder that a proper procedure was available to her for the discovery of Ms. Marsh's residential address.

## III.

Ms. Buford complains of the action of the trial court in transferring her case to the Claims Commission, insisting, *inter alia*, that she is entitled to a jury trial.

A lawsuit seeking monetary damages may be brought against the State only as the Legislature directs. *Constitution of Tennessee, Art. I, Sect. 17.* Stated differently, our Constitution grants sovereign immunity to the State, and no suit may be maintained against it unless the Legislature expressly authorizes it. ***Coffman v. City of Pulaski***, 422 S.W.2d 429 (1967), Tenn. Code Ann. § 20-13-102.

The Legislature has authorized certain actions against the State. *See*, Tenn. Code Ann. § 9-8-307. As a general matter, claims for money damages may be heard only by the Claims Commission. *See*, Tenn. Code Ann. § 9-8-307(a)(2) which provides that "the [Claims] Commission or each

---

[1] The Circuit Court action was filed December 8, 2000. Ms. Buford filed a parallel claim with the Tennessee Claims Commission, which, on July 8, 2002, transferred the claim to the Sumner County Circuit Court with the proviso that it could be returned to the Claims Commission, under conditions.

Commissioner has *exclusive* jurisdiction to determine all monetary claims against the State." However, circuit and chancery courts may adjudicate tort claims against the State when a lawsuit arising out of the same fact situation is pending against a private party and the Commission transfers the claim to the circuit or chancery court. *See,* Tenn. Code Ann. § 9-8-404(a). The Circuit Court lost jurisdiction over Ms. Buford's claim against the State when her claim against Ms. Marsh was dismissed, and thus transferring the claim back to the Claims Commission was entirely proper.

The judgment of the Circuit Court of Sumner County is affirmed, and the case is remanded for all appropriate purposes. Costs are assessed to the appellant.

_____
WILLIAM H. INMAN, SENIOR JUDGE