# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned January 24, 2005

## IN RE K.A.S.

### Appeal from the General Sessions Court for Wilson County
No. 8383    Robert P. Hamilton, Judge

---

### No. M2004-02180-COA-R9-CV - Filed January 27, 2005

---

This Tenn. R. App. P. 9 interlocutory appeal concerns a father's efforts to set aside a default judgment granting custody of his daughter to the child's maternal grandparents. The grandparents asserted in their petition for custody that the father's whereabouts were unknown and they therefore served their petition on the father by publication in a Lebanon, Tennessee newspaper. Two and one-half years later, the father filed a motion to set aside the custody order asserting that service by publication was insufficient because the grandparents knew or should have known he was residing in Greensboro, North Carolina at the time they filed their petition for custody. We have determined that the default judgment is void for lack of personal jurisdiction and we thus reverse the trial court's order denying the father's motion to set aside.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the General Sessions Court Reversed

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, and PATRICIA J. COTTRELL, JJ., delivered the opinion of the court.

Melanie R. Bean, Lebanon, Tennessee, for the appellant, William Andrew Surratt.

Stephen Walker Pate, Murfreesboro, Tennessee, for the appellees, Lee Allen, Gail Allen, and Jordan Ashley Surratt.

### MEMORANDUM OPINION[1]

This application for permission to appeal arises out of the trial court's denial of a father's motion to set aside a default judgment and final order of custody for lack of proper service. The trial

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court granted the father permission to appeal pursuant to Tenn. R. App. P. 9. We concur with the trial court that an interlocutory appeal will avoid irreparable harm to the parties and prevent needless, expensive and protracted litigation. Accordingly, we grant the father's application for permission to appeal. Moreover, because the application and the answer fully set forth the parties' positions and the material facts, we dispense with further briefing and oral argument and proceed to the merits of the appeal in order to avoid further delay.[2]

**I.**

K.A.S. was born on October 1, 1999. At the time of the birth, K.A.S.'s parents were separated, and the father was living in Clayton, North Carolina. The parents divorced eight months later in June of 2000. Pursuant to their marital dissolution agreement, the mother received full custody of K.A.S. The father was living in Nebraska at the time of the divorce, but he moved to Greensboro, North Carolina later that summer. He remained in Greensboro, at the same address, for between one and one-half and two years. After a brief stay with his mother in 2002, he moved to Apex, North Carolina in December of 2002, where he currently resides with his new wife.

In October of 2000, the mother filed a petition for child support listing the father's full address in Greensboro. When the mother traveled to Greensboro for a hearing on the petition, the grandmother accompanied her. The mother was awarded child support which the father paid by wage assignment. The mother turned the payments over to the grandparents until the grandparents filed their own petition for child support in December of 2001.

On September 12, 2001, the maternal grandparents filed a petition for custody alleging that the father was not a resident of Tennessee and that the addresses of both parents were unknown and could not be ascertained by diligent inquiry. Notice by publication was made to the defendants in *The Lebanon Democrat*, a newspaper published in Wilson County, Tennessee. At that time, the father was still residing in Greensboro, North Carolina, but no notice of the petition was sent to him. When neither parent filed an answer, the trial court entered a default order against both parents on October 17, 2001. A final order of custody granting full custody of K.A.S. to the maternal grandparents was entered on the same date. On December 10, 2001, less than two months later, the grandparents filed a petition for child support listing both the father's home address and the address of his employer. The father had no knowledge of the custody order or the grandparents' petition for custody until sometime in 2002.

On February 19, 2002, the mother filed a motion to set aside the final custody order. The trial court determined that the grandparents had knowledge of the mother's whereabouts at the time the default judgment was entered and set aside the final order of custody on March 25, 2002. Temporary custody remained with the grandparents.

---

[2] Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24-26 and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. 1997).

On June 27, 2003, the father filed a petition for visitation and for custody. The petition did not, however, challenge the validity of the October 17, 2001 final order of custody. Two subsequent amended petitions for visitation and custody likewise failed to challenge the custody order. On April 30, 2004, the father filed a motion to set aside the final order of custody asserting for the first time that he was not properly served with the grandparents' petition for custody.

The trial court found that the father had no reasonable excuse for waiting until April 2004 to attempt to set aside the custody order, and that the grandparents reasonably believed that the father's whereabouts were unknown when they filed their petition. Accordingly, the trial court denied the father's motion to set aside. Nevertheless, the trial court granted the father permission to appeal pursuant to Tenn. R. App. P. 9 in order to prevent irreparable injury to the father and to prevent needless, expensive and protracted litigation. The father then filed his application for an interlocutory appeal in this court, and we subsequently directed the grandparents to file an answer.

## II.

Service of process is not a mere technicality. It has constitutional dimensions. *In re Z.J.S.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854 at *6, (Tenn. Ct. App. June 3, 2003) (No Tenn. R. App. P. 11 application filed). Due process requires plaintiffs to give defendants notice that is reasonably calculated, under all the circumstances, to inform the defendants of the pending action. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, 103 S. Ct. 2706, 2711 (1983); *McClellan v. Board of Regents*, 921 S.W.2d 684, 688 (Tenn.1996); *Karr v. Gibson*, No. 01A01-9605-CH-00220, 1998 WL 57536, at *2 (Tenn. Ct. App. Feb. 13, 1998) (No Tenn. R. App. P. 11 application filed). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 657 (1950).

"[N]otice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." *Schroeder v. City of New York*, 371 U.S. 208, 212-13, 83 S. Ct. 279, 282 (1962). Notice by publication must be supplemented by notice mailed to the last known available address or by personal service. *Mennonite Bd. of Missions v. Adams*, 462 U.S. at 798, 103 S. Ct. at 2711; *Sunburst Bank v. Patterson*, 971 S.W.2d 1, 5 (Tenn. Ct. App.1997).

The grandparents admit they knew that the father was living in Greensboro, North Carolina when they filed their petition for custody. The mother's petition for child support filed in October 2000 contained the father's full address in Greensboro, and the grandmother had traveled with the mother to Greensboro, North Carolina for a court appearance related to that petition. The father's child support payments, which the mother was turning over to the grandparents, were being paid by wage assignment through the father's employer. The grandparents' own petition for child support, filed less than two months after the default judgment was entered, listed both the father's home address and the address of his employer. The petition stated that both addresses had been confirmed as of July, 2001.

It is unlikely the grandparents could not by reasonable efforts discover the father's address to notify him of their petition for custody when they were able to discover his address for the purpose of collecting child support immediately after the default judgment was entered. We also note the trial court's prior finding that the grandparents had knowledge of the whereabouts of the mother at the time the default judgment was entered, despite their sworn assertions to the contrary. Under these circumstances, notice by publication should have been supplemented by mailing notice of the suit to the father's last known address in Greensboro, North Carolina. Service by publication in a Lebanon, Tennessee newspaper could not have been reasonably calculated to provide the father with notice of the proceeding.

A judgment against a defendant who is not before the court either by proper service of process or by the entry of an appearance is void. *Overby v. Overby*, 224 Tenn. 523, 525, 457 S.W.2d 851, 852 (1970); *Rooney v. Callins*, 62 Tenn. App. 105, 124, 459 S.W.2d 430, 438 (1970); *Johnson v. McKinney*, 32 Tenn. App. 484, 492, 222 S.W.2d 879, 883 (1949). The grandparents argue, however, that the father delayed an unreasonable amount of time after learning of the default judgment before seeking to set it aside. While the reasonable time requirement of Tenn. R. Civ. P. 60 may apply to judgments that are not prima facie void and require action to impeach them, a judgment entered without jurisdiction over a party is absolutely void, and no action is required to render it void. *Gentry v. Gentry*, 942 S.W.2d 678, 680 (Tenn. 1996). A prima facie void judgment may be attacked at any time and is unenforceable. *State ex rel. Ragsdale v. Sandefur*, 215 Tenn. 690, 389 S.W.2d 266, 271 (Tenn.1965); *Miller v. Morelock*, 185 Tenn. 466, 470, 206 S.W.2d 427, 429 (Tenn.1947); *Team Design v. Gottlieb*, 104 S.W.3d 512, 525 (Tenn. Ct. App. 2002). Such a judgment cannot be revived, either by the passage of time or by subsequent proceedings. *Outten v. Campbell,* No. M2001-00490-COA-R3-CV, 2002 WL 1042181 at *4 (Tenn. Ct. App. May 23, 2002) (No Tenn. R. App. P. 11 application filed); 46 Am. Jur. 2d Judgments § 32. Accordingly, the default judgment and final order of custody must be set aside.

### III.

The trial court's order denying the father's motion to set aside the final custody order is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to the Lee Allen and Gail Allen, for which execution may issue.

PER CURIAM