IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 17, 2009 Session

## BETH PROFFITT v. SMOKY MOUNTAIN WOODCARVERS SUPPLY, INC.

**Appeal from the Circuit Court for Blount County**
**No. E-22595      W. Dale Young, Judge**

---

**No. E2009-00667-COA-CV - FILED MARCH 31, 2010**

---

The plaintiff filed this action seeking to review the business records of the defendant, asserting under oath that she is a 25 percent shareholder of the defendant corporation. The defendant moved to dismiss. The trial court found that the plaintiff had complied with the requirements of Tenn. Code Ann. §48-26-104(a) – the corporate records statute – and ordered the defendant to comply with the request to inspect and/or copy corporate records. The trial court also ordered the defendant to pay the plaintiff's attorney fees. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

L. Lee Kull, Alcoa, Tennessee, for the appellant, Smoky Mountain Woodcarvers Supply, Inc.

Melanie E. Davis, Maryville, Tennessee, for the appellee, Beth Proffitt.

Robert E. Cooper, Jr., Attorney General & Reporter, Michael E. Moore, Solicitor General, and Steven A. Hart, Special Counsel, Nashville, Tennessee, for the State of Tennessee.

### OPINION

### I. BACKGROUND

On August 4, 2008, by a letter from her former attorney, Beth Proffitt ("Ms. Proffitt") requested "all business records that are in existence . . . ." from counsel for Smoky Mountain

Woodcarvers, Supply, Inc. ("Woodcarvers" or "the corporation"). No mention was made at that time regarding Tenn. Code Ann. §48-26-102 as the basis for the letter, nor was the request made for the records specified in Tenn. Code Ann. §48-26-102, nor was any reason or purpose given. A copy of the letter was not sent to Woodcarvers. Later, Ms. Proffitt's attorney stated that he had become aware of Tenn. Code Ann. §48-26-101, et seq. and that he considered the August letter to be a request under the statute.

On August 19, 2008, Ms. Proffitt filed a complaint. She asserted that she is shareholder with a 25 percent in Woodcarvers, a for-profit corporation with its principal office in Blount County. Pursuant to Tenn. Code Ann. §48-26-104, Ms. Proffitt requested the trial court to summarily order that she may inspect and copy corporate records and to award her costs and reasonable attorney fees. No summons was issued pursuant to Tenn. R. Civ. P. 4, nor a copy of the complaint was served on Woodcarvers. A copy of the complaint was sent to the attorney for Woodcarvers, but no summons was served. According to Woodcarvers' attorney, he repeatedly informed Ms. Proffitt's attorney that he could not accept service for the corporation.

The following month, Ms. Proffitt filed a motion to set a trial date. The motion was not served on Woodcarvers (a copy was sent to its counsel). In a letter, Woodcarvers' attorney responded by again informing Ms. Proffitt's attorney that he could not accept service for the corporation.

After an ex parte order was entered setting a trial date on the complaint, a copy of the order was received by Woodcarvers and its attorney, but no copy of the complaint was served on the corporation.

In October 2008, Woodcarvers appeared specially to file a motion to dismiss asserting lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. Woodcarvers claimed that Ms. Proffitt had failed to serve a summons and a copy of the petition on the corporation. At the subsequent hearing, no proof was offered or taken regarding Ms. Proffitt's status as a shareholder, the sufficiency of her August 4, 2008 letter requesting examination of corporate documents, her "application," or the basis for Ms. Proffitt's request for attorney fees.

The trial court's memorandum opinion, rendered on October 29, 2008, stated:

The Court finds that the shareholder has complied with the requirements of [Tenn. Code Ann. §48-26-104(a)] relative to a request for the ability to copy and/or inspect corporate records and that the corporation has actual knowledge and constructive knowledge of that fact. The Statute allows the Court to

-2-

summarily deal with the situation and the Court further finds that a lawsuit is not required in order to effectuate the intent of the Statute.

The Court finds that an application is all that is required and as long as the mandates of the Statute have otherwise been complied with no service of process was necessary.

Accordingly, the Court finds Ms. Proffitt's "Petition" constitutes "an application" as required by the Statute and the Court orders the corporation to comply with the reasonable request to inspect and/or copy corporate records.

The trial court also ordered Woodcarvers to pay Ms. Proffitt's attorney fees in the amount of $1,600. An order to this effect was entered in January 2009. Woodcarvers moved the trial court to stay proceedings to enforce the judgment, to alter or amend the judgment, and to declare that Tenn. Code Ann. §48-26-101, et seq. is unconstitutional. Counsel for Woodcarvers gave notice to the Attorney General for the State of Tennessee of its constitutional challenge of Tenn. Code Ann. §48-26-101, et seq.

On February 24, 2009, Ms. Proffitt's counsel served a "summons" upon Woodcarvers, accompanied by the petition and order of the court previously entered. The summons advised the corporation that there would be a hearing on Ms. Proffitt's motion to set hearing date and to defend any action previously taken by the court. The Attorney General responded by letter opining that the case could be resolved addressing the constitutional challenge to the statute because Ms. Proffitt's attorney had now served a summons upon the registered agent of the corporation. Therefore, the Attorney General announced his intention not to intervene or appear at the scheduled hearing. Woodcarvers responded that the summons was not properly issued thereby making it null, void, and of no affect.

On March 13, 2009, the trial court denied all of Woodcarvers' motions without comment. An order reflecting this action was entered ten days later. Additional attorney fees were awarded to Ms. Proffitt. Woodcarvers filed a timely notice of appeal.[1]

## II. ISSUES

Woodcarvers presents the following issues, which we restate:

---

[1]Following the initiation of the appeal, another request for corporate records was issued by new counsel for Ms. Proffitt. The request was honored. Accordingly, Ms. Proffitt is no longer seeking any corporate records.

A.  Did the trial court err in entering orders against Woodcarvers without in personam jurisdiction in violation of the due process requirements of the Constitutions of the United States and Tennessee?

B.  Did the trial court err in holding that Ms. Proffitt had complied with Tenn. Code Ann. §48-26-102?

C.  Did the trial court err in failing to hold that Tenn. Code Ann. §48-26-104 violates the due process clauses of the Constitutions of the United States and Tennessee?

D.  Did the trial court err in awarding Ms. Proffitt attorney fees without proof by the shareholder that the corporation refused inspection without reasonable cause and without proof of the basis for such fees?

Ms. Proffitt asserts that the issues raised in Woodcarvers' brief – other than those concerning with attorney fee – are moot inasmuch as Ms. Proffitt obtained the requested corporate documents on May 4, 2009, and is now satisfied.  The Attorney General raises two issues regarding the constitutionality of Tenn. Code Ann. §48-26-104:

A.  Must this court address the constitutionality of Tenn. Code Ann. §48-26-104, especially given that the corporation has now produced the records to the appellee shareholder?

B.  May Tenn. Code Ann. §48-26-104 be reasonably interpreted so as to comply with the constitutional due process requirements?

## III.  STANDARD OF REVIEW

Our standard of review in this matter is de novo upon the record with no presumption of correctness.  Tenn. R. App. P. 13(d).

## IV.  DISCUSSION

Ms. Proffitt claims that she simply wanted to review and copy corporate documents for Woodcarvers, a corporation in which she holds a 25 percent interest as a shareholder.

She states this was her legal right under Tenn. Code Ann. §48-26-101 et seq. She also asserts Woodcarvers had actual or constructive notice of the complaint.

Tenn. Code Ann. §48-26-101 imposes upon corporations the obligation to keep certain records permanently, including the minutes of corporate meetings, and requires the maintenance of "appropriate accounting records." Tenn. Code Ann. §48-26-102 (2002) provides:

(a) A shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in §48-26-101(e), if the shareholder gives the corporation written notice of the shareholder's demand at least five (5) business days before the date on which the shareholder wishes to inspect and copy.

(b) A shareholder of a corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation, if the shareholder meets the requirements of subsection (c) and gives the corporation written notice of the shareholder's demand at least five (5) business days before the date on which the shareholder wishes to inspect and copy:

(1) Excerpts from minutes of any meeting of the board of directors, records of any action of a committee of the board of directors while acting in place of the board of directors on behalf of the corporation, minutes of any meeting of the shareholders, and records of action taken by the shareholders or board of directors without a meeting, to the extent not subject to inspection under subsection (a);

(2) Accounting records of the corporation; and

(3) The record of shareholders.

(c) A shareholder may inspect and copy the record described in subsection (b) only if:

(1) The shareholder's demand is made in good faith and for a proper purpose;

(2) The shareholder describes with reasonable particularity the shareholder's purpose and the records the shareholder desires to inspect; and

(3) The records are directly connected with the shareholder's purpose.

* * *

Tenn. Code Ann. §48-26-104 (2002) provides:

(a) If a corporation does not allow a shareholder who complies with §48-26-102(a) to inspect and copy any records required by that subsection to be available for inspection, a court of record having equity jurisdiction in the county where the corporation's principal office . . . is located may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder.

(b) If a corporation does not within a reasonable time allow a shareholder to inspect and copy any other record, the shareholder who complies with §48-26-102(b) and (c) may apply to the court of record having equity jurisdiction in the county where the corporation's principal office . . . is located for an order to permit inspection and copying of the records demanded. The court shall dispose of an application under this subsection on an expedited basis.

(c) If the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the shareholder's costs (including reasonable counsel fees) incurred to obtain the order if the shareholder proves that the corporation refused inspection without a reasonable basis for doubt about the right of the shareholder to inspect the records demanded.

(d) If the court orders inspection and copying of the records demanded, it may impose reasonable restrictions on the use or distribution of the records by the demanding shareholder.

Woodcarvers contends that the trial court did not have in personam jurisdiction over it because no service of process was ever issued nor was the complaint filed herein provided to Woodcarvers. This court considered this issue in *Watson v. Garza*, No. W2007-02480-

COA-R3-CV, 2008 WL 4831300, at *1 (Tenn. Ct. App. W.S., Nov. 7, 2008), holding as follows:

> Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding. The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules.
>
> "The Tennessee Rules of Civil Procedure govern the service of process, and the Supreme Court has held that the Rules of Civil Procedure are 'laws' of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by the Court and adopted by the General Assembly." "Service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure."
>
> * * *
>
> As stated above, in Tennessee, "[s]ervice of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure." Plaintiff has cited no authority in support of his contention that such "second-hand" or "passed along" service of process is authorized under the Rules of Civil Procedure. In effect, Plaintiff asks us to hold that service was proper because Defendant . . . ultimately received the summons and had notice of the lawsuit. However, that is not the standard for proper service. The fact that Defendant . . . "had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve the process in accordance with the rule."

*Id.* at *2, 7 (internal citations omitted).

> We note further that Tenn. R. Civ. P. 4.01 provides:
>
> (1) Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return indorsed thereon shall be proof of the time and manner of service. . . .

\* \* \*

(3) If a plaintiff or counsel for plaintiff (including third-party plaintiffs) intentionally causes delay of prompt issuance of a summons or prompt service of a summons, filing of the complaint (or third-party complaint) is ineffective.

Woodcarvers asserts that it defies logic and due process that an unserved "petition" can be acted upon "summarily" without an opportunity to defend when the law provides for an answer to a complaint. Woodcarvers contends that the wording in subsection (c) of §48-26-104 clearly indicates that the word "summarily" does not mean without due regard for the position of the defendant.

"Notice by service of process in some other manner provided by law is essential to give the trial court personal jurisdiction over the parties." If a defendant is not before the court either by service of process or by the entry of an appearance, a judgment is void and subject to attack. *In re Estate of Graham*, No. 85-114-II, 1986 WL 3156, at \*3 (Tenn. Ct. App. M.S., Mar. 12, 1986) (citing *Overby v. Overby*, 457 S.W.2d 851, 852 (Tenn. 1970); *Boyd v. Baynham*, 24 Tenn. (5 Humph.) 385, 386 (1844); *Rooney v. Callins*, 459 S.W.2d 430, 438 (Tenn. Ct. App. 1970); and *Johnson v. McKinney*, 222 S.W.2d 879, 883 (Tenn. Ct. App. 1949)). Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding. *Yousif v. Clark*, No. E2008-02626-COA-R3-CV, 2010 WL 118799, at \*4 (Tenn. Ct. App. E.S., Jan. 13, 2010) (citing *Watson*, 2008 WL 4831300, at \*2). The record must establish that the requisite procedural rules have been followed. *Id.*

V.  CONCLUSION

To allow the trial court to issue orders without notice to Woodcarvers renders useless the defenses in Tenn. R. Civ. P. 12 regarding jurisdiction and process. Thus, under the facts of this case, we must conclude that Woodcarvers was never before the trial court as a party. Without jurisdiction, the orders entered in this matter are void.

We do not find it necessary for the determination of this case to decide the constitutional challenge to the statute. Our ruling pretermits the other issues raised.

For the foregoing reasons, we reverse the orders of the trial court. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellee, Beth Proffitt.

_____
JOHN W. McCLARTY, JUDGE